# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

THE NORTHWESTERN MUTUAL    *
LIFE INSURANCE COMPANY
720 E. Wisconsin Avenue    *
Milwaukee, Wisconsin 53202
   *

      Plaintiff    *

     v.    *      Civil Action No.: _____

   *

J. R. H., a minor child
by and through his mother and next friend,    *
Maleequa C. Hall
160 Willow Street, Apartment 4FS    *
Yonkers, New York 10701
   *

and    *

M. R. H., a minor child
by and through her mother and next friend,    *
Maleequa C. Hall
160 Willow Street, Apartment 4FS    *
Yonkers, New York 10701
   *

and    *

J. W. A/K/A J. R. H., a minor child
by and through his mother and next friend,    *
Maleequa C. Hall
160 Willow Street, Apartment 4FS    *
Yonkers, New York 10701
   *

and    *

TARA L. HALL
11206 Champlain Circle    *
Bowie, Maryland 20720
   *

and    *

1

JENNIFER D. IZUMI                              *
1905 15th Street NW, Apartment 32
Washington, DC 20009                           *

        Defendants                           *

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## COMPLAINT OF INTERPLEADER

      Plaintiff, The Northwestern Mutual Life Insurance Company (hereafter "Northwestern"), by

its undersigned counsel, hereby files this Complaint of Interpleader against Defendants and states:

## PARTIES

      1.      Plaintiff, Northwestern, is an insurance company organized and existing under the

laws of the State of Wisconsin with a principal place of business at 720 E. Wisconsin Avenue,

Milwaukee, Wisconsin 53202.

      2.      Upon information and belief, Defendants, J.R.H., M.R.H., and J.W. a/k/a J.R.H.,

minor nephews and niece of Insured, Marcel Theo Hall, who have a claim or interest in the proceeds

of Insured's insurance policies with Northwestern, are citizens and residents of Westchester County,

New York.

      3.      Upon information and belief, Defendant, Tara L. Hall, the widow of Insured, who has

asserted a claim or interest in the proceeds of Insured's insurance policies with Northwestern, is a

citizen and resident of Prince George's County, Maryland.

      4.      Upon information and belief, Defendant, Jennifer D. Izumi, the former business

partner of Insured, who has a claim or interest in the proceeds of Insured's insurance policies with

Northwestern, is a citizen and resident of the District of Columbia.

## JURISDICTION AND VENUE

      5.      The parties to this Complaint are of diverse citizenship and the amount of the life

insurance proceeds that the subject of this matter are Nine Hundred Ninety-One Thousand Two

Dollars and Twenty-Six Cents ($991,002.26), exclusive of interests and costs. Accordingly, this

Court has jurisdiction pursuant to 28 U.S.C. § 1332.

6.      This action involves claims or potential claims to life insurance proceeds in an

amount greater than Five Hundred Dollars ($500.00) between two or more adverse claimants of

diverse citizenship. Accordingly, this Court has jurisdiction over this matter pursuant to the

provisions of 28 U.S.C. § 1335.

7.      One or more of the claimants to the life insurance proceeds in question is a resident of

this judicial district. In addition, this district is where the claim substantially arose. Venue is

therefore proper in this district pursuant to the provisions of 28 U.S.C. §§ 1391 and 1397.

## BACKGROUND OF THE ACTION

### POLICY NO. 21-455-316 ("POLICY A")

8.      On or about November 20, 2015, the Insured, Marcel Theo Hall (deceased), applied

to Plaintiff, Northwestern for a life insurance policy on his own life with a face amount of Five

Hundred Thousand Dollars ($500,000.00). The Insured identified his nephews, Defendants, J.W.

a/k/a J.R.H., and J.R.H., as the direct beneficiaries of this policy. On January 10, 2016, Northwestern

issued Life Insurance Policy No. 21-455-316 (hereafter "Policy A"), with a face amount of Five

Hundred Thousand Dollars ($500,000.00). The Insured was the owner of the policy when it was

issued. A replica of Policy A is attached hereto and incorporated herein as Exhibit 1.

9.      On or about May 23, 2018, the Insured revised the Designation of Beneficiary form

for Policy A. Following this revision, the direct beneficiaries were identified as Defendants, J.W.

a/k/a J.R.H., J.R.H., M.R.H., and Jennifer D. Izumi as the direct beneficiaries of this policy. The

revised Designation of Beneficiary, dated May 23, 2018, is attached hereto and incorporated herein

as Exhibit 2.

10.     On or about November 10, 2018, the Insured filed an Owner Designation form designating, Biz Markie, Incorporated as the owner of Policy A.  The Owner Designation, dated November 10, 2018, is attached hereto and incorporated herein as Exhibit 3.

11.     On or about January 24, 2019, the owner of Policy A, Biz Markie, Incorporated, by Jennifer D. Izumi, revised the Owner Designation form designating Balancing Acts, Incorporated as the owner of Policy A.  On the same date, the new owner of Policy A, Balancing Acts, Incorporated, by Jennifer D. Izumi revised the Designation of Beneficiary form so as to identify Defendant, Jennifer D. Izumi, as the sole direct beneficiary of Policy A.   The Owner Designation and revised Designation of Beneficiaries, both dated January 24, 2019, are attached hereto and incorporated herein as Exhibit 4.

12.     On or about October 13, 2020, the owner of Policy A, Balancing Acts, Incorporated, by Jennifer D. Izumi again revised the Designation of Beneficiary form.  Following this revision, the direct beneficiaries of Policy A were identified as: Defendants, J.W. a/k/a J.R.H., J.R.H., M.R.H., and Jennifer D. Izumi.  The revised Designation of Beneficiary, dated October 13, 2020, is attached hereto and incorporated herein as Exhibit 5.

13.     On July 16, 2021, the Insured died.  The Certificate of Death is attached hereto and incorporated herein as Exhibit 6.

<u>POLICY NO. 21-359-124 ("POLICY B")</u>

14.     On or about September 10, 2015, the Insured, Marcel Theo Hall (deceased), applied to Plaintiff, Northwestern for a policy on his own life with a face amount of Five Hundred Thousand Dollars ($500,000.00).  The Insured identified his nephews, Defendants, J.W. a/k/a J.R.H., and J.R.H., as the direct beneficiaries of this policy.  On September 10, 2015, Northwestern issued Life

Insurance Policy No. 21-359-124 (hereafter "Policy B"), with a face amount of Five Hundred

Thousand Dollars ($500,000.00). The Insured was the owner of Policy B at the date of issue. A

replica of Policy B is attached hereto and incorporated herein as Exhibit 7.

      15.    On or about December 5, 2015, the Insured revised the Designation of Beneficiary

form for Policy B. After revision, the direct beneficiaries for Policy B were identified as

Defendants, J.W. a/k/a J.R.H., J.R.H., M.R.H., and Jennifer D. Izumi. The revised Designation of

Beneficiary, dated December 5, 2015, is attached hereto and incorporated herein as Exhibit 8.

      16.    On or about November 10, 2018, the Insured filed an Ownership Designation form

designating Biz Markie, Incorporated as the owner of Policy B. The Owner Designation, dated

November 10, 2015, is attached hereto and incorporated herein as Exhibit 9.

      17.    On or about January 24, 2019, the owner of Policy B, Biz Markie, Incorporated, by

Jennifer D. Izumi, revised the Ownership Designation form designating Balancing Acts,

Incorporated as the owner of Policy B. On the same date, the new policy owner, Balancing Acts,

Incorporated, by Jennifer D. Izumi, revised the Designation of Beneficiary form for Policy B. After

revision, the sole direct beneficiary of Policy B was designated as Defendant, Jennifer D. Izumi.

The Owner Designation and the revised Designation of Beneficiary is attached hereto and

incorporated herein as Exhibit 10.

      18.    On July 16, 2021, the Insured died. *See* Exhibit 6.

## THE CLAIMS

      19.    On or about August 4, 2021, Tara L. Hall, the surviving spouse of the Insured advised

Northwestern that she was the Personal Representative of the Estate of Insured, and that she intended

to dispute the legal validity of certain changes made to the beneficiary designations of Policy A. She

requested that distribution of the proceeds be stayed. The Request is attached hereto and

incorporated herein as Exhibit 11.

20.     On or about September 21, 2021, Tara L. Hall, Personal Representative of the Estate of Insured (hereafter "Personal Representative") filed a Complaint (hereafter "Complaint") and Emergency Motion for Injunction to Stay Distribution of Life Insurance Proceeds in the Circuit Court for Prince George's County, Maryland with respect to Policy A.

21.     Tara L. Hall alleges in the Complaint that, with respect to Policy A, the designation of beneficiary in May 2018 was changed by Defendant, Jennifer D. Izumi who "acted as the Financial Power of Attorney, while the Insured was incapacitated and unable to make financial decisions on his own behalf." The Complaint is attached hereto and incorporated herein as Exhibit 12.

22.     In subsequent communication between Plaintiff and Tara L. Hall's counsel, Hall's counsel advised Plaintiff that Hall's claim of fraud related to the Insured's insurance encompasses Policy B as well.

23.     Maleequa C. Hall, the mother and next friend of minor Defendants, J.R.H., M.R.H., and J.W. a/k/a J.R.H., has also contacted Plaintiff inquiring about claims on the minor Defendants' behalf under the policies in question.

24.     Jennifer D. Izumi has also contacted Plaintiff inquiring about making claim on her own behalf under the policies in question as a result of the death of Insured.

25.     This Complaint of Interpleader is brought by reason of action and potential conflicting claims between Defendants, J.R.H., M.R.H., and J.W. a/k/a J.R.H., by Maleequa C. Hall, their mother and next friend, Tara L. Hall, and Jennifer D. Izumi, to the proceeds payable upon death of the Insured.

26.     Plaintiff, Northwestern, is ready, willing and able to pay the life insurance proceeds in question to the proper beneficiary or beneficiaries and asserts no claim whatsoever to the proceeds

itself; however, due to conflicting claims and potential claims to the proceeds, Northwestern cannot make payment without putting itself in jeopardy over continued litigation over the proceeds, something which exposes Northwestern to continued litigation expenses and multiple liability.

27.     Contemporaneous with the filing of this Complaint of Interpleader, Plaintiff, Northwestern, is filing a Petition with this Court seeking to pay the life insurance proceeds in question into the Court Registry to await the resolution of this matter.  The amount of such proceeds is Nine Hundred Ninety-One Thousand Two Dollars and Twenty-Six Cents ($991,002.26), plus interest.

28.     Because the Defendants have competing and adverse claims or potential claims to the proceeds of Policy A and Policy B, Northwestern is entitled to interplead these Defendants in this action so that the Court may determine the party who is entitled to such proceeds.

29.     Pursuant to 28 U.S.C. § 2361, Northwestern is entitled to an Order restraining each of the Defendants from instituting or prosecuting any action or proceeding in any court affecting the Policies or the proceeds thereof until further order of this Court.

30.     Northwestern is entitled to an Order dismissing it from this action and discharging it from any further liability to the Defendants.

31.     As a disinterested stakeholder, Northwestern is entitled to an award of reasonable attorneys' fees incurred in connection with the prosecution of this action.

WHEREFORE, Plaintiff, The Northwestern Mutual Life Insurance Company, respectfully requests that the Court:

1.     Temporarily and permanently enjoin the Defendants from prosecuting any claim, or demand or action against Northwestern, its agents, servants and employees, or any other person or entity, which either directly or indirectly relates to the proceeds payable as the result of the death of

the Insured;

       2.       Release and forever discharge Northwestern, its agents, servants and employees, and all other persons or entities, from any claim, demand, or action which either directly or indirectly relates to the proceeds payable as a result of the death of the Insured;

       3.       Declare that Northwestern, its agents, servants and employees, and all other persons or entities, have no further liability which either directly or indirectly relates to the proceeds payable as a result of the death of the Insured;

       4.       Order that the Defendants interplead and settle between themselves their conflicting claims to the proceeds payable as a result of the death of the Insured;

       5.       Declare the lawful beneficiary and/or beneficiaries to the proceeds payable as a result of the death of the Insured;

       6.       Award Northwestern its attorney fees and costs associated with this matter; and

       7.       Grant such other and further relief as justice may require.

Respectfully submitted,

David A. Carter (Federal Bar No.: 4898)
CARTER LAW, LLC
11720 Beltsville Drive, Suite 100
Beltsville, Maryland 20705
301-242-8800 Telephone
301-750-3088 Facsimile
david@carterlawmd.com
*Attorneys for Plaintiff,*
*The Northwestern Mutual Life Insurance*
*Company*