# EXHIBIT 12

**IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND**

|  |  |  |
|---|---|---|
| Tara L. Hall, | * |  |
| 11206 Champlain Circle | * | Case No. CA21-11208 |
| Bowie, MD 20720 | | |
| | | |
| **Plaintiff** | * | |
| **v.** | * | |
| | * | |
| Northwestern Mutual Insurance, | * | |
| 720 East Wisconsin Avenue | | |
| Milwaukie, WI 53202-4797 | * | |
| | * | |
| | | |
| **Defendant** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND EMERGENCY MOTION FOR INJUNCTION TO STAY DISTRIBUTION OF LIFE INSURANCE PROCEEDS

TO THE HONORABLE, THE JUDGE OF SAID COURT:

   **COMES NOW THE PLAINTIFF,** Tara L. Hall, by and through her attorney, Janelle Ryan-Colbert and Colbert Law Firm, LLC, and files this Motion for Injunction to Stay Distribution of Proceeds, and respectfully represents the following:

1. Tara L. Hall ("Plaintiff") is the Personal Representative of the Estate of Marcel Theo Hall (the "Deceased"), Estate No. 121806 in the Orphan's Court for Prince George's County, MD, and the wife of the Deceased.

2. The Deceased was the holder of life insurance Policy Number 2**XXXXXXXXX** (the "Insurance Policy") issued by the Defendant Northwestern Mutual Insurance ("Defendant"), located at 720 East Wisconsin Avenue, Milwaukie, Wisconsin 53202.

3. As of the date of death, the beneficiaries of the Insurance Policy are as follows:

   a. 20% J      W      ,
   b. 20% J      R. H    ,

CA21-11208
NEW CASE
APP FEE PLAIN          10.00
CV CLERK FEE-          80.00
MD LEGAL SERV          55.00
REFUND CASE            30.00
TOTAL                 175.00
Recpt #48960
REL    006   Elk # 1253
Sep 21, 2021    11:40 am

    c.  20% M      R. H  , and

    d.  40% Jennifer D. Izumi.

4.  Ms. Jennifer D. Izumi is a close business associate of the Deceased and acted as the Financial Power of Attorney from 2018, until the date of his death. During this time, the Deceased was incapacitated and unable to make financial decisions on his behalf (the "Period of Incapacitation").

5.  The beneficiary designation percentages of the Insurance Policy were changed in May 2018 without the knowledge or consent of the policy holder.

6.  Plaintiff requests additional time to investigate the change of beneficiary designation and, if necessary, bring the proper action to invalidate the change.

7.  On August 19, 2021, the Plaintiff requested, via letter, that Defendant stay the distribution of the Insurance Policy proceeds pending this investigation. Defendant, however, refused and indicated that it would proceed with the distribution of the insurance proceeds pursuant to the beneficiary designation at the time of death.

8.  Accordingly, Plaintiff now seeks assistance from this Court to stay the distribution of the Insurance Policy Proceeds.

### REQUEST FOR INJUNCTION

9.  An interlocutory injunction is "an injunction granted after an adversary hearing on the propriety thereof, but before a determination of the merits of the action." *Maryland Comm'n on Human Relations v. Downey Communications, Inc.*, 110 Md. App. 493, 516, (1996).

10.  To obtain an interlocutory injunction, the Plaintiff must prove:

a. There is a real probability that the party seeking the injunction will succeed on the merits;

b. The injury that would be suffered if the interlocutory injunction is granted is less than the harm that would result from its refusal;

c. The party seeking the injunction will suffer irreparable injury if it is not granted; and

d. Granting the injunction would be in the public interest. *Id.* at 516-17.

11. There is a real probability that Plaintiff will succeed on the merits. This is because the facts indicate that the beneficiary designation was changed by Ms. Izumi who was acting-- we believe fraudulently--as the Deceased's Power of Attorney during that time. The change in the beneficiary designation benefited her directly, potentially resulting in a breach of her fiduciary duty to the Deceased. If so, the beneficiary designation should be rescinded.

12. The injury suffered if granted is less than the harm from its refusal. The harm from granting the injunction is minor, as Defendant will retain possession of the funds pending the resolution of the beneficiary designation. This will merely delay the distribution of the proceeds. Refusal of an injunction may potentially result in the Insurance Policy proceeds being distributed to the incorrect persons, including Ms. Izumi, as a result of her likely breach of fiduciary duty under the Power of Attorney.

13. The Plaintiff will suffer irreparable injury if the injunction is not granted. This is because, upon information and belief, Plaintiff was previously listed as a beneficiary on the Insurance Policy, which was potentially changed during the Period of Incapacitation. Plaintiff will not receive the insurance proceeds she is entitled to, due

to the fraud of Ms. Izumi. A stay will maintain the status quo while the issue is investigated and resolved properly.

14. That the undersigned has spoken with counsel for Northwestern Mutual Insurance Company, and she has not raised any objection to the Motion for Injunction, but simply requested that this counsel provide the company with any Order issued. **See Exhibit 1 Attached.**

15. Finally, the injunction is in the public interest. This is because it is in the public interest to identify and remedy fraudulent transactions, such as, potentially, the acts of Ms. Izumi in this case.

## PRAYER FOR RELIEF

**WHEREFORE,** the premises considered, Plaintiff prays to this Honorable Court for the following relief:

a.    That this Court issue an injunction staying the Defendant, Northwestern Mutual Insurance, from distributing the insurance proceeds in this case;

b.    That a copy of all policies, beneficiary designations, request for changes to the policy, and changes to the policy, and any beneficiaries made to the above-reference policy be provided to Plaintiff's counsel;

c.    Plaintiff be granted such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

**THE COLBERT LAW FIRM, LLC**

By: _____

Janelle M. Ryan-Colbert, Esq.
3060 Mitchellville Rd., Suite 216
Bowie, MD 20716
(301) 576-6200- Office
jrc@colbertlawfirm.net-email

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ⟍29⟍ day of September, 2021 that I emailed and mailed, via first class mail and postage pre-paid, a copy of the foregoing Plaintiff's Motion for Injunction to:

Northwestern Mutual
c/o Noleta Franz
Assistant Director Legal Process
720 East Wisconsin Avenue
Milwaukie, WI 53202-4797

Respectfully submitted,

**THE COLBERT LAW FIRM, LLC**

By: _____

Janelle M. Ryan-Colbert, Esq.
3060 Mitchellville Rd., Suite 216
Bowie, MD 20716
(301) 576-6200- Office
jrc@colbertlawfirm.net-email

**COLBERT LAW FIRM**
Attorneys At Law

Janelle Ryan-Colbert \ jrc@colbertlawfirm.net \ www.colbertlawfirm.net
Admitted in Maryland and the District of Columbia
3060 Mitchellville Rd., Suite 216 Bowie, MD 20716
Office: 301.576.6200  Fax: 202.380.9045

September 13, 2021

**SENT VIA CERTIFIED MAIL AND FAX**
Northwestern Mutual
720 East Wisconsin Avenue
Milwaukie, WI 53202-4797

**RE:    Policy # 21455316 – Notice of Dispute Regarding Life Insurance Proceeds**

Dear Sir or Madam,

This firm represents the interests of Mrs. Tara Hall, the surviving spouse of Mr. Marcel Theo Hall. Mr. Marcel Theo Hall is the insured individual under Northwestern Mutual Policy # 21455316 (the "Policy"). Mr. Hall passed away on July 16, 2021.

There were changes made to the beneficiaries in May, 2018. Please note that the changes made to the beneficiary designations on this policy in 2018 were neither made, or authorized by the policyholder.

If you would like to discuss this matter further, or require additional information, please do not hesitate to contact me.

Respectfully submitted,
**THE COLBERT LAW FIRM, LLC**

By:       _/s/ Janelle M. Ryan-Colbert_
Janelle M. Ryan-Colbert, Esq.
3060 Mitchellville Rd., Suite 216
Bowie, MD 20716
(301) 576-6200-Main
(202)380-9045-Fax
jrc@colbertlawfirm.net- Email



### RE: [EXTERNAL] Re: Re Policy Holder Marcel Theo Hall - Pol #21455316 {Se...

From:      noletafranz@northwesternmutual.com

To:        J. Colbert, Margaret Leeks

Cc:

Sent:      9/17/2021 3:05:42 PM

Attachments:    🔁 Hall - Northwestern Ltr - Mot for Injunct 9.15.21 (1).pdf

Good afternoon Attorney Ryan-Colbert,

Northwestern Mutual has reviewed the attached Motion and we will not affirmatively agree to the issuance of an injunction, but we will not affirmatively oppose the issuance of an injunction, either. Please provide Northwestern Mutual with a copy of any injunction or other Order that is issued by the court.

**Noleta Franz**
Assistant Director Legal Process

720 East Wisconsin Avenue
Milwaukee, WI 53202

P: 414.665.7328
F: 414.625.7327

 **Northwestern Mutual**

**From:** J. Colbert <jrc@colbertlawfirm.net>
**Sent:** Friday, September 17, 2021 10:26 AM
**To:** Margaret Leeks <mleeks@colbertlawfirm.net>
**Cc:** FRANZ, NOLETA <noletafranz@northwesternmutual.com>
**Subject:** [EXTERNAL] Re: Re Policy Holder Marcel Theo Hall - Pol #21455316

## Good morning, Ms. Franz,

## Can you kindly provide my office with an update regarding Northwestern's position on the injunction, and staying the release any funds? Thank you.

**Regards,**

**Colbert Law Firm, LLC**
Janelle M. Ryan-Colbert, Esq.
3060 Mitchellville Rd., Suite 216
Bowie, MD 20716
301.576.6200 (o)
202.380.9045 (f)
www.colbertlawcenter.com

On Thu, Sep 16, 2021 at 1:21 PM Margaret <mleeks@colbertlawfirm.net> wrote:

Ms. Franz:

Please find attached documents that were faxed to your offices yesterday to the attention of Jason Rudelich regarding above policy.

Kindly confirm receipt. Thank you.

**Regards,**

**Colbert Law Firm, LLC**
Margaret Leeks, Legal Assistant
3060 Mitchellville Rd., Suite 216
Bowie, MD 20716
301.576.6200 (o)
202.380.9045 (f)
www.colbertlawcenter.com

This e-mail and any attachments may contain confidential information of Northwestern Mutual. If you are not the intended recipient of this message, be aware that any disclosure, copying, distribution or use of this e-mail and any attachments is prohibited. If you have received this e-mail in error, please notify Northwestern Mutual immediately by returning it to the sender and delete all copies from your system. Please be advised that communications with {SECURE MESSAGE} in the subject line have been sent using a secure messaging system. Communications that do not have this tag may not be secure and could be observed by a third party. Our commitment to privacy: At Northwestern Mutual, your privacy is important to us. For more information about our privacy practices, please review our privacy notices.

## OATH

I SOLEMNLY declare and affirm, under the penalties of perjury, that the contents of the foregoing papers are true and correct to the best of my knowledge, information and belief.

_____          9·15·21
Tara L. Hall                          _____
                                     Date

**IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND**

Tara L. Hall,
           **Plaintiff,**

v.

**Northwestern Mutual Insurance,**
           **Defendant**

Case No. _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>ORDER</u>

Upon review of the Plaintiff's  Motion for Injunction and good cause having been shown, it is therefore this \_\_\_\_\_ day of _____, 2020, hereby,

ORDERED, that the Plaintiff's Motion for Injunction is hereby GRANTED; and it is further

ORDERED, that the Defendant shall be prohibited from making any distribution of insurance proceeds in the above referenced policy until further order of court; and it is further

ORDERED, that the Defendant shall provide to Plaintiff's counsel a copy of all insurance policies, including beneficiary designations, requests for changes to any policy relating to the Decedent, Marcel Theo Hall.

_____
JUDGE