**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>J.R.H., *ex rel.* MALEEQUA C. HALL, *et al.*<br><br>      Defendants. | Civil Action No. 22-2588 (CKK) |

**ORDER FOR INITIAL SCHEDULING CONFERENCE**
(June 27, 2023)

The above-captioned case has been assigned to this Judge for resolution. To further the just, speedy, and economical management of this action, an Initial Scheduling Conference as to Minor Defendants and Defendant Izumi is hereby set for **August 4, 2023 at 5:00 PM ET,** to proceed via videoconference. Counsel who attend must be sufficiently familiar with the case to answer any questions which arise and hold the authority to make stipulations and admissions about all matters that can reasonably be anticipated for discussion; parties are welcome and are encouraged to attend.

Counsel are required to fully comply with Fed. R. Civ. P. 26(f) and Local Rule LCvR 16.3 and, in particular, LCvR 16.3(c). To that end, counsel shall meet and confer as soon as practicable. Counsel must discuss each of the matters set forth in Local Rule LCvR 16.3(c). In considering what form of alternative dispute resolution the parties think the case is most suited to, counsel are reminded that amongst their options are mediation, arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution which can be tailored to the needs of their case. *See generally* app. I.

Counsel shall submit their Joint Statement addressing all topics listed in Local Rule LCvR 16.3(c) no later than fourteen (14) days following their meet and confer, or seventy-two (72) hours prior to the Initial Scheduling Conference, whichever is earlier in time. *See* Fed. R. Civ. P. 26(f)(2); LCvR 16.3(d). Counsel are also directed to include in their Joint Statement, or in a supplemental pleading to be filed no later than seventy-two (72) hours prior to the Initial Scheduling Conference, a brief statement of the case and the statutory basis for all causes of action and defenses.

Extensions or enlargements of time will not be granted at any time solely upon stipulation by the parties. Any requests for a continuance or other scheduling change must include alternative dates that have been agreed to by all parties. Requests that do not include an alternative date acceptable to all parties will be denied.

Parties are to communicate with the Court by motion, opposition, and reply, not by letter. Inquiries concerning the status of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Dorothy Jones-Patterson, 202-354-3189, or if she is unavailable, to the staff person in the Clerk's Office designated as her substitute, and not to chambers. Chambers personnel will not handle questions relating to the status or scheduling of pending matters.

In an emergency, however, chambers can be reached at 202-354-3340.

/s/ Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge

APPENDIX I

## LCvR 16.3

### DUTY TO CONFER

(c)     MATTERS TO BE DISCUSSED BY THE PARTIES.

At the conference required by this Rule, the parties must confer to discuss the following matters:

\* \* \*

(5)     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

     (i)     the client's goals in bringing or defending the litigation;

     (ii)     whether settlement talks have already occurred and, if so, why they did not produce an agreement;

     (iii)     the point during the litigation when ADR would be most appropriate, with special consideration given to:

          (aa)     whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

          (bb)     whether ADR should take place before or after the judicial resolution of key legal issues;

     (iv)     whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

     (v)     whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.