**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | |
| Plaintiff, | CASE NO: 1:22-cv-2588-CKK |
| v. | JURY TRIAL REQUESTED |
| J.R.H., *ex rel*. MALEEQUA C. HALL, *et al*. | |
| Defendants. | |

## ANSWER OF DEFENDANT JENNIFER D. IZUMI TO CROSSCLAIM OF DEFENDANTS
## J.R.H., M.R.H., AND J.W. A/K/A J.R.H.

Defendant Jennifer D. Izumi, through undersigned counsel, hereby submits her Answer to Minor Defendant's Crossclaim.

### Parties

33.   The Minor Defendants are citizens and residents of New York.[1]

**ANSWER:**   Ms. Izumi admits the allegations in Paragraph 33 of the Crossclaim.

34.   Defendant Jennifer D. Izumi is a citizen and resident of the District of Columbia.

**ANSWER:**   Ms. Izumi admits the allegations of Paragraph 34 of the Crossclaim.

### Jurisdiction and Venue

35.   The parties to this crossclaim are of diverse citizenship and the amount of the life insurance proceeds that are the subject of this matter have a combined face value of $1,000,000. Accordingly, this Court has jurisdiction over this crossclaim pursuant to 28 U.S.C. 1332. The Court

---

[1] For their Crossclaim, the Minor Defendants continued the numbering of the paragraphs of the original Complaint of Interpleader. Cross-Defendant reproduces that numbering here for clarity.

also has jurisdiction over this crossclaim pursuant to the interpleader statute, 28 U.S.C. 1335, because the Minor Defendants and Ms. Izumi are of diverse citizenship and both lay claim to the contested insurance proceeds, which exceed $500 in value.

**ANSWER:**   Paragraph 35 of the Crossclaim states a legal conclusion which does not require a response from Ms. Izumi. To the extent an answer is required, Ms. Izumi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore denies the same.

36.   Cross-Defendant Izumi is a resident of this district and therefore venue is proper in this district pursuant to the provisions of 28 USC 1391.

**ANSWER:**   Paragraph 36 of the Complaint states a legal conclusion which does not require a response from Ms. Izumi. To the extent an answer is required, Ms. Izumi admits that she is a resident of the District of Columbia, and Ms. Izumi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint and therefore denies the same.

### Marcel Theo Hall Had a Close Family Relationship with the Minor Defendants and Intended to Provide for Them

37.   Insured, Marcel Theo Hall, was a musician popularly known by his stage name, Biz Markie. Marcel Theo Hall had a close relationship with his sister, Yvonne Hall, and this relationship extended to Yvonne Hall's daughter, Maleequa Hall, and her three children, the Minor Defendants.

**ANSWER:**   Ms. Izumi admits that Insured, Marcel Theo Hall, was a musician popularly known by his stage name, Biz Markie. Ms. Izumi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Crossclaim and therefore denies the same.

2

38.     Marcel Theo Hall visited Yvonne Hall, Maleequa Hall, and the Minor Defendants for holiday and family gatherings.

**ANSWER:**     Ms. Izumi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Crossclaim and therefore denies the same.

39.     Marcel Theo Hall sought to provide for the Minor Defendants upon his passing and indicated his intent to do so to his family members, including his sister. For instance, when his sister was battling cancer, he told her that he wanted to ensure the Minor Defendants were provided for should anything happen to him and that he did not want her to have to worry about her grandchildren.

**ANSWER:**     Ms. Izumi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Crossclaim and therefore denies the same.

### Marcel Theo Hall Purchases Two Life Insurance Policies and Names the Minor Defendants as Beneficiaries

40.     Consistent with his frequently expressed desire to provide for the Minor Defendants, Marcel Theo Hall purchased two life insurance policies, with a face value of $500,000 each, from Northwestern Mutual in 2015.

**ANSWER:**     Ms. Izumi admits that Marcel Theo Hall purchased two life insurance policies, with a face value of $500,000 each, from Northwestern Mutual in 2015. Ms. Izumi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Crossclaim and therefore denies the same.

41.     At the time of the purchase, Marcel Theo Hall named J.R.H. and J.W. a/k/a J.R.H., the two eldest Minor Defendants, as the sole beneficiaries. To facilitate this designation, Marcel

3

Theo Hall had asked his sister for the social security numbers of Minor Defendants J.R.H. and J.W. a/k/a J.R.H.

**ANSWER:**   Ms. Izumi denies the allegations in Paragraph 41 of the Crossclaim.

42.   Marcel Theo Hall subsequently asked his sister for M.R.H.'s social security number as well, with the intent of adding her as a beneficiary of these policies.

**ANSWER:**   Ms. Izumi is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Crossclaim and therefore denies the same.

**Marcel Theo Hall's Business Associate Covertly Changes the Beneficiary Designations Without His Consent**

43.   However, over the course of several years, Marcel Theo Hall's business associate, Cross-Defendant Jennifer D. Izumi, covertly engineered a series of changes to the beneficiary information and ownership of each policy so that both policies were owned by Balancing Acts, Inc., a company wholly owned and controlled by Ms. Izumi, and she was, at various points in time, named the 100% beneficiary for each policy. These changes were in contravention to Marcel Theo Hall's wishes, made without his knowledge or consent, and must be disregarded as unauthorized changes to the insurance policies.

**ANSWER:**   Ms. Izumi denies the allegations in Paragraph 43 of the Crossclaim.

**Ms. Izumi Makes Unauthorized Changes to Policy A, Including While Marcel Theo Hall Was Incapacitated**

44.   On or about November 20, 2015, Marcel Theo Hall applied for a $500,000 life insurance policy from Plaintiff Northwestern Mutual with the purpose of designating the Minor Defendants J.R.H. and J.W. a/k/a J.R.H., Marcel Theo Hall's grand-nephews, as the beneficiaries. Policy No. 21-455-316 ("Policy A") was issued on January 10, 2006. As Marcel Theo Hall

intended at the time, the Minor Defendants J.R.H. and J.W. a/k/a J.R.H. were the sole beneficiaries of Policy A when it was issued. Policy A is attached hereto as Exhibit 1.

**ANSWER:**   Ms. Izumi denies the allegations in Paragraph 44 of the Crossclaim.

45.    On or about May 23, 2018, a revised Designation of Beneficiaries form purportedly signed by Marcel Theo Hall, attached hereto as Exhibit 2, added Ms. Izumi as a 40% beneficiary of Policy A, reduced J.R.H. and J.W. a/k/a J.R.H.'s shares to 20% each, and added M.R.H. as a 20% beneficiary. Although Marcel Theo Hall intended to add M.R.H. as a beneficiary to Policy A, he did not intend to add Ms. Izumi as a beneficiary and this change was not, in fact, authorized by him.

**ANSWER:**   Izumi admits that on or about May 23, 2018, Mr. Hall signed a revised Designation of Beneficiaries form and added Ms. Izumi as a 40% beneficiary of Policy A, reduced J.R.H. and J.W. a/k/a J.R.H.'s shares to 20% each, and added M.R.H. as a 20% beneficiary, as shown in Exhibit 2 to the Crossclaim, which includes Marcel Theo Hall's wet signature. Ms. Izumi denies the remaining allegations of this paragraph.

46.    On or about November 10, 2018, an Owner Designation form purportedly signed by Marcel Theo Hall, attached hereto as Exhibit 3, designated Biz Markie, Inc. as the owner of Policy A. Biz Markie, Inc. is a company created by Marcel Theo Hall in 2015 to receive income from his entertainment goods and services. Marcel Theo Hall did not, in fact, authorize this change in ownership. Changing the ownership of Policy A to Biz Markie, Inc. enabled Ms. Izumi, who purports to control Biz Markie, Inc., to make further changes to Policy A in her own name.

**ANSWER:**   Ms. Izumi admits that on or about November 10, 2018, Marcel Theo Hall signed an Owner Designation form and designated Biz Markie, Inc. as the owner of Policy A, as shown in Exhibit 3 to the Crossclaim, which includes Marcel Theo Hall's wet signature. Ms. Izumi

admits that Biz Markie Inc. is a company created by Marcel Theo Hall in 2015 to receive income from his entertainment goods and services; however, to the extent the Minor Defendants imply that Biz Markie, Inc. was created solely by, and was owned solely by, Marcel Theo Hall, Ms. Izumi denies the allegation. Ms. Izumi otherwise denies the allegations in Paragraph 45 of the Crossclaim.

47.     That is what she did. On or about January 24, 2019, Ms. Izumi signed an Owner Designation form, attached hereto as Exhibit 4, that named the owner of Policy A as Balancing Acts, Inc. ("Balancing Acts"), a company wholly owned and controlled by Ms. Izumi. On the same day, Ms. Izumi signed a revised Designation of Beneficiaries form, attached hereto as Exhibit 5, naming herself as the sole beneficiary of Policy A. Marcel Theo Hall's signature does not appear on either document, and these changes were not authorized by him.

**ANSWER:**     Ms. Izumi admits that on or about January 24, 2019, Ms. Izumi signed an Owner Designation form that named the owner of Policy A as Balancing Acts, Inc., a company wholly owned and controlled by Ms. Izumi, as shown in Exhibit 4 to the Crossclaim. Ms. Izumi admits that on the same day, she signed a revised Designation of Beneficiaries form naming herself as the sole beneficiary of Policy A as shown in Exhibit 5 to the Crossclaim. Ms. Izumi otherwise denies the allegations in Paragraph 45 of the Crossclaim.

48.     Thus, over the course of several months, Ms. Izumi was able to change the ownership of Policy A to a company wholly owned and controlled by herself and to change the sole beneficiary for the same policy to herself.

**ANSWER:**     Ms. Izumi denies the allegations in Paragraph 48 of the Crossclaim.

49.     Marcel Theo Hall was hospitalized with complications from Type 2 diabetes in or around June 2020. Marcel Theo Hall later suffered a stroke after entering a diabetic coma. As a

result, in or around October 2020 Marcel Theo Hall was placed in a shock trauma facility. At this time, he was incapacitated and incapable of making financial decisions on his own behalf.

**ANSWER:**     Ms. Izumi admits the allegations in Paragraph 49 of the Crossclaim.

50.     On or about October 13, 2020, at the same time that Marcel Theo Hall's health was deteriorating, Ms. Izumi signed a revised Designation of Beneficiaries form, attached hereto as Exhibit 6, on behalf of Balancing Acts. This change now reduced Ms. Izumi's own share to a 40% beneficiary of Policy A and listed each of the Minor Defendants as 20% beneficiaries. Marcel Theo Hall's signature appeared nowhere on the form. While these changes to the beneficiary information restored the status quo as of May 23, 2018, they remained inconsistent with Marcel Theo Hall's wishes with respect to how the proceeds of the insurance policy were to be disbursed. Making this change meant that, upon Marcel Theo Hall's death, his grand-nephews and grand-niece would receive some money—but not all of the money that Marcel Theo Hall intended.

**ANSWER:**     Ms. Izumi admits that on or about October 13, 2020, Ms. Izumi signed a revised Designation of Beneficiaries form, on behalf of Balancing Acts, as shown in Exhibit 6 to the Crossclaim. Ms. Izumi otherwise denies the allegations in Paragraph 50 of the Crossclaim.

51.     At no point in time did Marcel Theo Hall intend or authorize a change in the ownership of Policy A to a company owned or controlled by Ms. Izumi, nor did he intend or authorize naming Ms. Izumi as a beneficiary, in any percentage, of Policy A. Rather, Marcel Theo Hall's intent was to provide for the Minor Defendants upon his death by naming them, and solely them, as the beneficiaries of Policy A.

**ANSWER:**     Ms. Izumi denies the allegations in Paragraph 51 of the Crossclaim.

52.     Marcel Theo Hall passed away on July 16, 2021.

**ANSWER:**     Ms. Izumi admits the allegations in paragraph 52 of the Crossclaim.

**Ms. Izumi Makes Unauthorized Changes to Policy B**

53.     On or about September 10, 2015, Marcel Theo Hall applied to Northwestern Mutual for a $500,000 life insurance policy with the purpose of designating the Minor Defendants J.R.H. and J.W. a/k/a J.R.H., Marcel Theo Hall's grand-nephews, as the beneficiaries. Policy No. 21-359-124 ("Policy B") was issued that same day. As Marcel Theo Hall intended at the time, the Minor Defendants J.R.H. and J.W. a/k/a J.R.H. were the sole beneficiaries of Policy B when it was issued. Policy B is attached hereto as Exhibit 7.

**ANSWER:**    Ms. Izumi admits that on or about September 10, 2015, Marcel Theo Hall applied to Northwestern Mutual for a $500,000 life insurance policy, that Policy B was issued that same day, and that the Minor Defendants J.R.H. and K.W. a/k/a J.R.H. were the sole beneficiaries of Policy B when it was issued, as shown in Exhibit 7 to the Crossclaim, which includes Marcel Theo Hall's wet signature. Ms. Izumi otherwise denies the allegations in Paragraph 53 of the Crossclaim.

54.     On or about December 5, 2015, a revised Designation of Beneficiaries form purportedly signed by Marcel Theo Hall, attached hereto as Exhibit 8, added Ms. Izumi as a 40% beneficiary of Policy B, reduced J.R.H. and J.W. a/k/a J.R.H.'s shares to 20% each, and added M.R.H. as a 20% beneficiary. Although Marcel Theo Hall intended to add M.R.H. as a beneficiary to Policy B, he did not intend to add Ms. Izumi as a beneficiary and this change was not, in fact, authorized by him.

**ANSWER:**    Ms. Izumi admits that on or about December 5, 2015, Marcel Theo Hall signed a revised Designation of Beneficiaries form adding Ms. Izumi as a 40% beneficiary of Policy B, reducing J.R.H. and J.W. a/k/a J.R.H.'s shares to 20% each, and adding M.R.H. as a 20%

beneficiary, as shown in Exhibit 8 to the Crossclaim, which includes Marcel Theo Hall's wet signature. Ms. Izumi otherwise denies the allegations in Paragraph 54 of the Crossclaim.

55.     On or about November 10, 2018, an Owner Designation form purportedly signed by Marcel Theo Hall, attached hereto as Exhibit 9, designated Biz Markie, Inc. as the owner of Policy B. As with the parallel change purportedly made to Policy A on the same day, changing the ownership of Policy B to Biz Markie, Inc. enabled Ms. Izumi, who purported to control Biz Markie, Inc., to make further changes to Policy B in her own name.

**ANSWER:**     Ms. Izumi admits that on or about November 10, 2018, Marcel Theo Hall signed an Owner Designation designating Biz Markie, Inc. as the owner of Policy B, as shown in Exhibit 9 to the Crossclaim, which includes Marcel Theo Hall's wet signature. Ms. Izumi further admits that she controlled Biz Markie, Inc., as 51% owner. Ms. Izumi otherwise denies the allegations in Paragraph 55 of the Crossclaim.

56.     And so she did. On or about January 24, 2019—the same day that Ms. Izumi attempted to make parallel changes to Policy A—Ms. Izumi signed an Owner Designation form, attached hereto as Exhibit 10, naming Balancing Acts, her company, as the owner of Policy B and signed a revised Designation of Beneficiaries form, attached hereto as Exhibit 11, naming herself as the sole beneficiary of Policy B. Marcel Theo Hall's signature appears on neither document, and these changes were not authorized by him.

**ANSWER:**     Ms. Izumi admits that on or about January 24, 2019, Ms. Izumi signed an Owner Designation form naming Balancing Act as the owner of Policy B and signed a revised Designation of Beneficiaries form naming herself as the sole beneficiary of Policy B, as shown in Exhibits 10 and 11 to the Crossclaim. Ms. Izumi otherwise denies the allegations in Paragraph 56 of the Crossclaim.

57.    Unlike with Policy A, Ms. Izumi did not attempt to make further changes to the ownership of or beneficiary information for Policy B. As a result, upon Marcel Theo Hall's death in July 2021, Ms. Izumi remained listed as the sole beneficiary of Policy B.

**ANSWER:**    Ms. Izumi admits that upon Marcel Theo Hall's death in July 2021, Ms. Izumi was listed as the sole beneficiary of Policy B. Ms. Izumi otherwise denies the allegations in Paragraph 57 of the Crossclaim.

58.    At no point in time did Marcel Theo Hall intend or authorize a change in the ownership of Policy B to a company owned or controlled by Ms. Izumi, nor did he intend or authorize naming Ms. Izumi as a beneficiary, in any percentage, of Policy B. Rather, Marcel Theo Hall's intent was to provide for the Minor Defendants upon his death by naming them, and solely them, as the beneficiaries of Policy B.

**ANSWER:**    Ms. Izumi denies the allegations in Paragraph 58 of the Crossclaim.

### Marcel Theo Hall Purportedly Executes a Limited Power of Attorney

59.    On or about May 23, 2018—the same day as the first unauthorized change to Policy A—Marcel Theo Hall purportedly executed a Maryland Statutory Form Power of Attorney (the "Power of Attorney"), attached hereto as Exhibit 12. The Power of Attorney purported to designate Ms. Izumi as "Attorney-in-Fact" and authorized Ms. Izumi to engage in certain transactions on behalf of the principal, Marcel Theo Hall.

**ANSWER:**    Ms. Izumi admits that on or about May 23, 2018, Marcel Theo Hall executed a Maryland Statutory Form Power of Attorney authorizing Ms. Izumi to engage in certain transactions on Mr. Hall's behalf, as shown in Exhibit 12 to the Crossclaim, which includes Marcel Theo Hall's wet signature.

60.     By its terms, the Power of Attorney imposed on the Attorney-in-Fact (i.e., Ms. Izumi) the duty to "[d]o what you know the principal reasonably expects you to do with the principal's property, or, if you do not know the principal's expectations, act in the principal's best interest"; to "[a]ct with care, competence, and diligence for the best interest of the principal"; to "[d]o nothing beyond the authority granted in this power of attorney"; and to "[d]isclose your identity as an Attorney-in-Fact whenever you act for the principal by writing or printing the name of the principal and signing your own name as 'Attorney-in-Fact.'" Exhibit 12 at 15.

**ANSWER:**     Ms. Izumi respectfully refers the Court to the form attached as Exhibit 12, which speaks for itself.

61.     The Power of Attorney included various provisions to ensure that the Attorney-in-Fact acted in accordance with the wishes and the best interests of the principal, including that the Attorney-in-Fact "is not entitled to compensation unless you indicate otherwise in the [S]pecial [I]nstructions"; that the Attorney-in-Fact "MAY NOT use my property to benefit the Attorney-in-Fact . . . unless I have included that authority in the Special Instructions"; and that "[u]nless the Special Instructions . . . state otherwise," the Attorney-in-Fact must "[a]ct loyally for the principal's benefit" and "[a]void conflicts that would impair your ability to act in the principal's best interest." Exhibit 12 at 15. No indications to the contrary were given in the Special Instructions. Exhibit 12 at 1.

**ANSWER:**     Ms. Izumi respectfully refers the Court to the form attached as Exhibit 12, which speaks for itself.

62.     The changes that Ms. Izumi made to Policy A and Policy B after May 23, 2018, were purportedly completed under her authority as Marcel Theo Hall's Attorney-in-Fact.

**ANSWER:**     Ms. Izumi denies the allegations in Paragraph 62 of the Crossclaim.

63.     But each change described above that Ms. Izumi purported to make to Policy A and Policy B after May 23, 2018, violated her duties under the Power of Attorney because, in each instance, those changes benefited Ms. Izumi. The Power of Attorney provided that Ms. Izumi, as the purported Attorney-in-Fact, "MAY NOT use [Marcel Theo Hall's] property to benefit the Attorney-in-Fact" and must "[a]void conflicts that impair [her] ability to act in [Marcel Theo Hall's] best interest." By naming her company, Balancing Acts, as the owner of these policies, Ms. Izumi used Marcel Theo Hall's property to benefit herself. And, by naming herself as the beneficiary of the policies, Ms. Izumi not only impaired her ability to carry out Marcel Theo Hall's directions as to who should receive the benefits of his life insurance policies, but acted directly in opposition to those wishes.

**ANSWER:**   Ms. Izumi respectfully refers the Court to the form attached as Exhibit 12, which speaks for itself. Ms. Izumi otherwise denies the allegations in Paragraph 63 of the Crossclaim.

### Ms. Izumi's Changes to the Policies Should Be Set Aside, Leaving the Minor Defendants as the Only Rightful Beneficiaries

64.     Marcel Theo Hall intended J.R.H., M.R.H., and J.W. a/k/a J.R.H. to be the sole beneficiaries of both Policy A and Policy B.

**ANSWER:**   Ms. Izumi denies the allegations in Paragraph 64 of the Crossclaim.

65.     Marcel Theo Hall did not intend for anyone else to be a beneficiary of either Policy A or Policy B. He did not name Tara L. Hall as a beneficiary of either insurance policy at any point prior to his incapacitation, and as a result, she is not listed as a beneficiary in any of the policy documentation appended to the Complaint.

**ANSWER:**   Ms. Izumi admits that Marcel Theo Hall did not name Tara L. Hall as beneficiary of either insurance policy at any point prior to his incapacitation, and as a result, she

is not listed as a beneficiary in any of the policy documentation appended to the Complaint. Ms. Izumi otherwise denies the allegations in Paragraph 65 of the Crossclaim.

66.     Tara L. Hall has not personally asserted a claim or interest in proceeds of the Insured's insurance policies in this proceeding and, in her capacity as personal representative of Marcel Theo Hall's estate, has abjured any claim to the cash surrender value or the proceeds of the Insured's insurance policies in a separate action pending before this Court. *See* Consent Notice of Withdrawal of Paragraphs 34 and 113 of the Am. Compl., *Hall v. Biz Markie, Inc.*, No. 22-cv-00806 (CKK) (D.D.C. Apr. 3, 2023), ECF No. 38. Hence, the only claimants to the policy proceeds are the Minor Defendants and Ms. Izumi.

**ANSWER:**     Ms. Izumi admits the allegations in Paragraph 66 of the Crossclaim.

67.     Marcel Theo Hall never intended for or authorized Ms. Izumi to be a beneficiary of either Policy A or Policy B, and he never instructed or authorized Ms. Izumi to designate herself as a beneficiary.

**ANSWER:**     Ms. Izumi denies the allegations in Paragraph 67 of the Crossclaim.

68.     Ms. Izumi's efforts to name herself as beneficiary were undertaken in excess of her authority under the Power of Attorney.

**ANSWER:**     Ms. Izumi denies the allegations in Paragraph 68 of the Crossclaim.

69.     Accordingly, J.R.H., M.R.H., and J.W. a/k/a J.R.H. are entitled to equal shares of the proceeds from both policies, while Ms. Izumi is entitled to nothing.

**ANSWER:**     Ms. Izumi denies the allegations in Paragraph 69 of the Crossclaim.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Ms. Izumi prays for judgment as follows:

1.      For a declaration that Ms. Izumi is entitled to payment of forty percent (40%) of the benefits and proceeds under the Policy A and one hundred percent (100%) of the benefits and proceeds under Policy B, including the funds that Northwestern Life Insurance seeks to interplead and deposit with the Court in this action;

2.      For expenses and costs incurred herein;

3.      For attorney's fees;

4.      For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Ms. Izumi demands a trial by jury on all issues so triable.

Dated:  July 28, 2023                              Respectfully submitted,

By:   */s/ William R. Martin*
          William R. Martin (D.C. Bar No. 465531)
          BARNES & THORNBURG LLP
          555 12th Street NW, Suite 1200
          Washington, DC 20004
          Telephone: (202) 289-1313
          Facsimile: (202) 289-1330
          billy.martin@btlaw.com

          Dayna Cooper (D.C. Bar No. 1033851)
          COOPER LEGAL, LLC
          1 Olympic Place, Suite 900
          Towson, MD 21204
          Telephone: (202) 642-5470
          dayna@cooperlegalsolutions.com
          (Entry of appearance forthcoming)

          *Counsel for Cross-Defendant Jennifer D. Izumi*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on July 28, 2023, a copy of the foregoing was served upon all counsel of record via the Court's ECF system.


/s/ William R. Martin
William R. Martin
*Counsel for Defendant Jennifer D. Izumi*