**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

Plaintiff,

v.

J.R.H., *ex rel.* MALEEQUA C. HALL, *et al.*

Defendants.

Civil Action No. 22-2588 (CKK)

**JOINT STATEMENT**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule (LCvR) 16.3(c), guardian *ad litem* for Minor Defendants J.R.H., M.R.H., and J.W. a/k/a J.R.H. and counsel for Cross-Defendant Jennifer Izumi, the active litigants in the above-captioned matter (hereinafter "the parties"), respectfully submit the following joint meet-and-confer statement and proposed scheduling order in connection with the scheduling conference to be held by the Court on August 4, 2023.

**STATEMENT OF CASE**

**Minor Defendants' Statement.** This case arises out of a dispute over the proceeds of two $500,000 life insurance policies taken out by Marcel Hall, known more widely by his stage name, Biz Markie. The original beneficiaries of those two policies were Mr. Hall's grand-nephews (Minor Defendants J.W. a/k/a J.R.H. and J.R.H.); they were later amended to add Mr. Hall's younger grand-niece (Minor Defendant M.R.H.) as well. But contrary to Mr. Hall's intent and without his knowledge, Mr. Hall's business manager, Cross-Defendant Jennifer Izumi, later designated *herself* as the sole beneficiary of both policies—meaning that she stood to become a

millionaire upon Mr. Hall's passing. She later revised the beneficiary designation on one of the policies to include the children, but not the other. And even on the policy to which Cross-Defendant Izumi added the children back, she left herself with a 40% stake. All told, if the policies are enforced as modified by Cross-Defendant Izumi, she stands to gain $700,000 from the policies, with the Minor Defendants left with $100,000 apiece.

That result defies both logic and Mr. Hall's intent to provide for the Minor Defendants. Accordingly, following Mr. Hall's death in July 2021, Tara Hall, Mr. Hall's widow, in her capacity as personal representative of Mr. Hall's estate and derivatively on behalf of Biz Markie, Inc., brought suit against Cross-Defendant Izumi alleging, among other things, that Cross-Defendant Izumi covertly transferred ownership of the policies and changed their beneficiaries without Mr. Hall's consent or knowledge.[1] *See* Am. Compl. ¶¶ 34, 113, *Hall v. Biz Markie, Inc.*, No. 22-cv-00806 (D.D.C. June 21, 2022), ECF No. 17. NW Mutual subsequently interpleaded both the Minor Defendants and Cross-Defendant Jennifer Izumi in this action to resolve their conflicting claims to the insurance benefits.[2] The Minor Defendants' claim arises under the interpleader statute, 28 U.S.C. § 1335, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

**Cross-Defendant's Statement.** As stated by the Minor Defendants, this case arises out of a dispute over the proceeds of two Northwestern Mutual life insurance policies, with a collective face value of $1 million and paid for by Biz Markie, Inc. Simply put, the policies and designation of beneficiaries forms for each policy, attached as exhibits by the Minor Defendants

---

[1] Tara Hall has since withdrawn these claims in that action and has not asserted any claims in this one. *See* Consent Notice of Withdrawal of Paragraphs 34 and 113 of the Am. Compl., *Hall v. Biz Markie, Inc.*, No. 22-cv-00806 (D.D.C. Apr. 3, 2023), ECF No. 38.

[2] NW Mutual originally brought this interpleader action in the United States District Court for the District of Maryland. The Maryland District Court subsequently granted NW Mutual's motion for leave to deposit the proceeds of the insurance policies into the court's registry (Dkt. 18), which it did. The Maryland District Court then awarded NW Mutual attorney fees and dismissed NW Mutual from this action. (Dkt. 24). The matter was then transferred to this Court. (Dkt. 25).

to their cross-claim, speak for themselves. The changes to each policy were made either by Mr. Hall himself, or by Ms. Izumi as majority owner of Biz Markie, Inc., the subsequent owner of each policy as intended by Mr. Hall and evidenced by his own wet signature on the relevant policy documents. The exhibits include Mr. Hall's wet signatures adding his grand-niece (Minor Defendant M.R.H.) and Ms. Izumi as beneficiaries of the policies, such that each of the Minor Defendants was entitled to 20% of the proceeds under each policy, while Ms. Izumi was entitled to 40%. Subsequently, as shown in the Minor Defendants' own exhibits, Mr. Hall signed each policy over to Biz Markie, Inc. as owner. At the time of the changes made to each policy, Ms. Izumi was the majority owner of Biz Markie, Inc., a company formed by herself and Mr. Hall as business partners.

As Mr. Hall's longtime trusted business partner and majority owner of Biz Markie, Inc., Ms. Izumi was entitled to make changes to each policy, and she did.[3] Specifically, Ms. Izumi signed each policy over to Balancing Acts, Inc., of which Ms. Izumi was the sole owner, and designated herself as sole beneficiary. She later designated the Minor Defendants as beneficiaries of Policy A, returning that policy to the same beneficiary structure Mr. Hall had designated by his wet signature when he signed the policy over to Biz Markie, Inc. The changes she made were consistent with Mr. Hall and Ms. Izumi's intent as business partners to enable them to secure funds to pay Biz Markie, Inc.'s necessary business expenses in the event of Mr. Hall's death, as well as any purported intent of Mr. Hall to provide for the Minor Defendants. Ms. Izumi simply asks that the Court enforce the policies as they were validly executed by Mr. Hall, and then later

[3] The Minor Defendants' attempt to use Ms. Hall's now-withdrawn claims against Ms. Izumi as evidence of Ms. Izumi's or Mr. Hall's intent as to the life insurance policies is not only questionable, but irrelevant; as the Minor Defendants themselves note, Ms. Hall was never designated as a beneficiary, she declined to assert any claim in this matter, and dropped those claims in her other suit. *See* Consent Notice of Withdrawal of Paragraphs 34 and 113 of the Am. Compl., *Hall v. Biz Markie, Inc.*, No. 22-cv-00806 (D.D.C. Apr. 3, 2023), ECF No. 38.

by Ms. Izumi as Mr. Hall's business partner and majority owner of Biz Markie, Inc. Ms. Izumi's defenses arise under the interpleader statute, 28 U.S.C. § 1335, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## LCvR 16.3(c) TOPICS

### I. Dispositive Motions [LCvR 16.3(c)(1)]

The parties have proposed dates for filing dispositive motions in the attached proposed scheduling order.

### II. Amendment of Pleadings and Narrowing of Issues [LCvR 16.3(c)(2)]

**Amendment of Pleadings.** The parties have proposed a deadline for amendment of pleadings and joining other parties in the attached proposed scheduling order.

**Narrowing of Issues.** The parties have not yet identified factual or legal issues susceptible to agreement or narrowing.

### III. Assignment to a Magistrate Judge [LCvR 16.3(c)(3)]

Pursuant to Local Rule 16.3(c)(3) and Federal Rule of Civil Procedure 73, the parties do not consent to the assignment of the case to a magistrate judge at this time.

### IV. Settlement [LCvR 16.3(c)(4)]

The parties intend to engage in settlement negotiations in good faith and will advise the Court promptly if a settlement is reached.

### V. ADR Procedures [LCvR 16.3(c)(5)]

The parties do not believe that ADR would be helpful at this time but remain open to the possibility that it will be in the future. The parties will inform the Court promptly if their position on ADR changes.

## VI. Further Dispositive Motions [LCvR 16.3(c)(6)]

The parties may move for summary judgment at a later juncture. Their suggested dates for filing dispositive motions are included in the attached proposed scheduling order.

## VII. Initial Disclosures [LCvR 16.3(c)(7)]

The parties see no need to deviate from the disclosures required by Fed. R. Civ. P. 26(a)(1) and propose that the disclosures be made by August 18, 2023.

## VIII. Discovery Matters [LCvR 16.3(c)(8)]

The parties do not anticipate that discovery in this matter will be extensive or especially time consuming. They therefore propose that all discovery be concluded by March 1, 2024, including answers to interrogatories, document production, requests for admissions, expert discovery, and depositions. The parties intend to negotiate an appropriate protective order given the sensitive information likely to be disclosed during discovery. The parties propose that discovery take place in accordance with the attached proposed scheduling order.

## IX. Electronically Stored Information [LCvR 16.3(c)(9)]

All parties have taken appropriate steps to preserve relevant electronically stored information and have not at this time identified issues relating to the disclosure, discovery, or preservation of such material.

## X. Privilege Matters [LCvR 16.3(c)(10)]

The parties have not identified any issues relating to privilege at this time.

## XI. Expert Matters [LCvR 16.3(c)(11)]

The parties do not believe that any alterations to the requirements of Fed. R. Civ. P. 26(a)(2) are necessary. The parties propose that expert discovery take place in accordance with the attached proposed scheduling order.

## XII. Class Action Matters [LCvR 16.3(c)(12)]

Not applicable.

## XIII. Bifurcation [LCvR 16.3(c)(13)]

The parties do not believe that bifurcation of discovery or trial is necessary.

## XIV. Pretrial Conference [LCvR 16.3(c)(14)]

The parties propose that the court set the date for the pretrial conference after the close of fact discovery.

## XV. Trial Date [LCvR 16.3(c)(15)]

The parties propose to discuss trial scheduling after the close of fact discovery.

## XVI. Other Matters [LCvR 16.3(c)(16)]

The parties note that J.R.H. is turning eighteen later this year, meaning that he will no longer be eligible for representation by a guardian *ad litem*. Guardian *ad litem* will work to secure pro bono counsel to represent J.R.H. after that date, and will promptly advise the Court once such representation is secured.

Dated:  August 1, 2023                      Respectfully submitted,

By: */s/ Matthew M. Girgenti*
Matthew M. Girgenti [Bar #1033735]
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Matthew.Girgenti@wilmerhale.com

*Guardian Ad Litem for Defendants J.R.H., M.R.H., and J.W. a/k/a J.R.H.*

By: */s/ William R. Martin*
William R. Martin

BARNES & THORNBURG LLP
555 12th Street NW, Suite 1200
Washington, DC 20004
Telephone: (202) 408-6908
Facsimile: (202) 289-1330
Bmartin@btlaw.com

*Attorney for Cross-Defendant Jennifer D. Izumi*