UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.

J.R.H., *ex rel.* MALEEQUA C. HALL, *et al.*

    Defendants.

Civil Action No. 22-2588 (CKK)

**SECOND STIPULATED PROTECTIVE ORDER**

In the course of discovery in this action, Defendants and Cross-Plaintiffs J.R.H., M.R.H., and Jeremiah Watson and Cross-Defendant Jennifer Izumi (together, the "Parties") may be required to produce, and may find need to use in their case, information that constitutes (in whole or in part) private and/or confidential information. The Parties agree that the dissemination, public disclosure, or unprotected use of such information in this case could cause harm to the Parties or other persons. The Parties agree that a protective order is necessary to protect the Parties and others from annoyance, embarrassment, oppression, or undue burden or expense, and to protect the rights and privacy interests of the Parties and others, including but not limited to privacy rights ensured by applicable federal and state laws.

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rule of Civil Procedure 26(c), as follows:

1.    "Confidential Information" subject to this Protective Order shall include any of the following nonpublic information or materials produced in this action in compliance with the Federal Rules of Civil Procedure; regardless of how discovered, produced, or otherwise obtained,

including but not limited to through interrogatories, depositions, requests for admission, or fact investigation:

    a.    Any information or materials for which disclosure would breach a legally enforceable confidentiality obligation of either Party;

    b.    Any information or material, which is not publicly known, which the Party or third Party disclosing the information or material (the "Producing Party") would normally not reveal to others, or would cause third Parties to maintain in confidence;

    c.    Confidential, proprietary, non-public, private, commercial and/or financial information or materials of the Parties, or other information the disclosure of which may cause competitive harm to the producing Party; and

    d.    Any materials or information that might in any way disclose or reveal information about any person's physical or mental health.

2.    "Confidential Information" disclosed by a Producing Party to any other Party (hereinafter the "Receiving Party") and any documents or information containing or derived from Confidential Information, shall be used solely for purposes of this action, including preparing for trial, mediation, appeal, and any other pretrial proceeding in this action, and for no other legal action or any other purpose whatsoever. Confidential Information shall not be disclosed to any person or entity except in accordance with this Order.

3.    All "Confidential Information" shall be so designated by marking the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page (or portion thereof) being produced, or in the case of depositions, shall be designed as confidential by so stating on the record, and/or requesting the court reporter to mark the transcript as confidential. The Parties acknowledge that the marking or designation of a transcript as

confidential does not necessarily mean that every word of that transcript is confidential, but that the marking or designation as confidential shall be sufficient to preserve the confidentiality of any transcript portion if it fits the definition of "Confidential Information." If "Confidential Information" is referenced or used in the course of a deposition, whether so designated at the deposition or not, counsel for either Party may designate in writing within thirty (30) days after receiving the deposition transcript that certain testimony contains or references "Confidential Information" and should be treated in accordance with this Order. Either Party may challenge the designation of information in the transcript of a deposition or in the exhibits to the transcript that the other Party has designated as "Confidential Information." However, such information shall be treated as "Confidential Information" until such time as the challenging Party obtains a ruling from the Court that the designated information being challenged does not qualify as "Confidential Information," as defined in this Order.

4. Except upon the written consent of the producing Party, "Confidential Information" designated as confidential shall be disclosed only to those Parties identified in paragraph 6. Inadvertent failure to designate a document as protected or confidential may be corrected by written notice to the other Party. Such notice should be given promptly after the discovery of the failure to designate a document as protected or confidential, or the discovery that the un-designated material contains confidential information.

The Parties acknowledge that, in addition to the requirements detailed in this Order, the Parties are also subject to the requirements otherwise provided by law.

5. Information may be designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" if the patty reasonably and in good faith believes that such Information: 1) meets the criteria for designation as "CONFIDENTIAL" set forth above and

2) involves or contains information that is so sensitive, valuable or secret that disclosing or displaying it to employees, officers and/or in-house counsel of opposing Parties and/or third Parties would create a substantial risk of harm to the Party disclosing or producing such information. The Parties agree to use the designation "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" sparingly.

    6.    Access to information designated as confidential shall be limited to the following persons: (a) Defendants and Cross-Plaintiffs J.R.H., M.R.H., and Jeremiah Watson; their attorneys of record; and any persons they employ whose functions require access to "Confidential Information"; (b) Cross-Defendant Jennifer Izumi, her attorneys of record and any persons they employ whose functions require access to "Confidential Information"; (c) the Court, its staff and court reporters; (d) outside experts or consultants of a Receiving Party who are consulted by the Receiving Patty or its counsel and whose advice and consultation are being used by such Party or counsel in connection with this action, provided that such expert or consultant agrees in writing to be bound by this Order; (e) the Parties' insurance carriers, claims examiners, and other agents to the extent reasonably necessary for the conduct of this action (including translators, database/coding services employees, consultants or contractors working together with, or under the supervision of, outside counsel or a Party), provided that such person agrees to be bound by this Order; and (f) deponents noticed by the Parties (including court reporters) to the extent necessary for the conduct of this action and in accordance with the confidentiality obligations set forth herein.

    7.    If "Confidential Information" designated pursuant to this Order will or may be offered in evidence at a hearing or trial, the offering Party must give advance notice to the

Party or non-Party that designated it as such prior to offering the information at a hearing or trial.

8. If "Confidential Information" is to be filed with the Court in connection with any proceedings herein, the submitting Party must seek Court permission to file the Confidential Information under seal before filing, in accordance with the provisions of the Local Rules of the U.S. District Court for the District of Columbia. The Parties will negotiate in good faith to avoid motion practice related to filing documents under seal. Redacted copies of any papers containing information obtained from "Confidential Information," and redacted "Confidential Information," may be served and filed without delay. A Party filing Confidential Information shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "TO BE FILED UNDER SEAL PURSUANT TO COURT ORDER" next to the caption. The Clerk of this Court is directed to maintain under seal all documents so marked. If the Court denies a request to place information under seal, and a Party still wishes to file "Confidential Information" with the Court, the Parties shall first confer to determine whether a confidential designation should be maintained. In the event an agreement cannot be reached, counsel for the submitting Party must verify under oath to the Court that the inability to file such information will prejudice the filing Party's claims, defenses, and/or arguments, and must request leave to file the "Confidential Information" unsealed. The person that produced the "Confidential Information" shall have the opportunity to respond to the request for leave.

9. All "Confidential Information," including any copies, excerpts, or summaries thereof, or any materials containing "Confidential Information" or derived therefrom, as well

as any knowledge or information derived from said sources, may be used only for purposes of this litigation.

10. The acceptance by the Receiving Party of materials designated as "CONFIDENTIAL" shall not constitute a binding admission that the designated information is in fact Confidential Information. A Receiving Party shall not be obligated to challenge the propriety of a confidential designation at the time made, and the failure to do so shall not preclude a subsequent challenge to such designation. A Receiving Party may request that the Producing Party cancel or modify a confidential designation. Such request shall be made first to counsel for the Producing Party in writing and shall particularly identify the designated "Confidential Information" that the Receiving Party contends is not confidential and any reasons supporting this contention. Such request shall be made within a reasonable time after the Receiving Party first has reason to believe the information is not confidential or has lost its confidential status. The Parties shall confer in good faith within five (5) business days of the request to resolve all objections without motion practice before the Court. If the Producing Party does not agree within five (5) business days to remove a confidential designation, then the Receiving Party may request by motion that the Court remove such information from the restrictions of this Order. The burden of demonstrating that the information is confidential shall be on the Producing Party. Notwithstanding a written request to counsel or a motion under this paragraph, the Parties shall continue to treat the information that is the subject of the request as confidential until such time as the Court rules that a confidential designation should be lifted or information should not be treated as confidential.

11. If any material subject to a claim of attorney-client privilege, work product, or other privilege or protection on which such information may be withheld from production is

inadvertently produced, such production shall not prejudice or otherwise constitute a waiver of any claim of privilege, work product, or other basis for withholding production. If a claim of inadvertent production is made in writing, the Receiving Patty shall either promptly (a) return that material subject to the claim of inadvertent production (including all copies thereof) and make no further use of such documents or other information for any purpose, or (b) with advance written notice, provide the material to the Court in this action for a ruling on its claimed privilege status and continued use in accordance with the Rules of this Court. This paragraph in no way limits the Parties' and counsel's obligations under D.C. Rules of Professional Conduct.

12. In the event counsel determines that a Party's claims or defenses reasonably require that Confidential Information be disclosed to persons not otherwise authorized by this Order, the Receiving Party shall provide advance written notice of the request. The notice shall specify with particularity the "Confidential Information" to be disclosed and the identity of the otherwise unauthorized person. The written notice shall be given not less than five (5) business days before the intended disclosure, or such shorter period as the Parties may mutually agree to apply in a particular situation. If within five (5) business days after the notice, the Producing Party does not consent to the disclosure, the Receiving Party must obtain leave of Court to modify this Order and not disclose "Confidential Information" to such unauthorized person until the Court so orders.

13. In the event the Parties or their counsel receive a subpoena, public records requests, or any other formal demand from any source, whether related to another cause of action, proceeding, investigation, or otherwise, that would require the production or disclosure of "Confidential Information" over which a Receiving Party has acquired possession or control, the Receiving Party shall provide to the Producing Party written notice of such

subpoena or demand at least ten (10) days before a required response to the subpoena or demand, or within one (1) day of receipt if the response deadline is less than ten (10) days.

14. If a third Party provides "Confidential Information" so designated to any Party in connection with this action as a Producing Party, then the provisions of this Order shall apply to such information as if it were provided by a Party to this action. Under such circumstances, the third Party shall be deemed to be a Producing Party and shall have the same rights and obligations under this Order as held by the Parties to this action.

15. In the event any additional Party is added to this adversary proceeding, and to the extent "Confidential Information" is to be disclosed to such new Party or its counsel, each new Party through its counsel shall sign a duplicate original of this Order and cause the same to be filed with the Court. No Party shall release any "Confidential Information" to any new Party until that new Party is bound by this Order.

16. Upon written request to the Receiving Party, and at the cost of the Producing Party, within sixty (60) days after final termination of this action, including any appeals, all Confidential Information produced or disclosed by a Producing Party that remains in its possession, custody, or control, or that of any authorized agents, outside experts and consultants, or other authorized persons under this Order (other than the Court), shall be returned to the Producing Party or duly destroyed, and the Receiving Party shall so verify that such return or destruction has occurred. Absent such written request, the Receiving Party at its election may maintain the documents confidentially in its usual course of business or destroy the documents.

17. This Order shall be effective from the date it is executed by record counsel for the Parties and shall apply and be enforceable from that date forward with respect to all discovery in

this action. However, any materials previously provided that have already been disclosed to third Parties before they were or are designated as "Confidential Information" shall not be-considered "Confidential Information," except to the extent such designation is amended in accordance with paragraph 3. If for any reason the Court elects not to enter any portion of this Order, the Parties agree nonetheless to abide its terms until such time as an alternative Order can be entered by the Court.

18. Nothing in this Order shall be construed as precluding any Party from seeking a modification of this Order. This Order shall survive the termination of this action and also govern during any appeal. This Order shall be binding on the Parties after the conclusion of this litigation by dismissal, settlement, entry of final judgment, or other means. This Court shall retain jurisdiction to enforce this Order, and all persons subject to its terms expressly submit to this Court's jurisdiction for purposes of such enforcement.

19. Nothing in this Order shall prevent non-Parties from asserting their own privacy rights in materials held by the Parties, including but not limited to those rights provided by HIPAA.

20. Notices contemplated as being in writing in this Order may be made by email between record counsel.

21. This Order may be executed in one or more counterparts, or through record counsel's electronic signature, which shall be deemed an original, and which together will constitute one and the same instrument.

SO AGREED by the Parties this 13th day of November 2023.

/s/ Matthew M. Girgenti
Matthew M. Girgenti (D.C. Bar No. 1033735)
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: matthew.girgenti@wilmerhale.com

*Counsel and Guardian Ad Litem for Defendants J.R.H. and M.R.H.*

/s/ Michael S. Nadel
Michael S. Nadel (D.C. Bar No. 470144)
McDERMOTT WILL & EMERY LLP
500 North Capitol Street NW
Washington, DC 20001
Telephone: (202) 756-8000
mnadel@mwe.com

*Attorney for Defendant and Cross-Claim Plaintiff Jeremiah Watson*

/s/ William R. Martin
William R. Martin (D.C. Bar No. 46553)
Erin C. Steele (D.C. Bar No. 1656360)
BARNES & THORNBURG LLP
500 12th Street NW, Suite 1200
Washington, DC 20006-4623
Telephone: (202) 371-6363
Email: billy.martin@btlaw.com
Email: esteele@btlaw.com

/s/ Dayna Cooper
Dayna Cooper (D.C. Bar No. 1033851)
COOPER LEGAL, LLC
1 Olympic Place, Suite 900
Towson, MD 21204
Telephone: (202) 642-5470
Email: dayna@cooperlegalsolutions.com

*Attorneys for Cross-Defendant Jennifer Izumi*

Noting the stipulation of the Parties and the reasonableness of its terms, the Court hereby APPROVES this Stipulated Protective Order as an Order of this Court.

It is SO ORDERED this 13th day of November 2023.

_____
The Honorable Colleen Kollar-Kotelly

10