**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> J.R.H., *ex rel.* MALEEQUA C. HALL, *et al.* <br><br> Defendants. | Civil Action No. 22-2588 (CKK) |

## **ORDER**

WHEREAS, in this interpleader action, Northwestern Mutual Life Insurance Company ("Northwestern Mutual") deposited $991,401.45 of Marcel Theo Hall's life insurance proceeds with the United States District Court for the District of Maryland, consisting of $483,271.72 from Policy No. 21-455-316 (which the parties have referred to as "Policy A") and $508,129.73 from Policy No. 21-359-124 (which the parties have referred to as "Policy B"), Dkt. 21-1, at 7;

WHEREAS Policy A therefore constitutes 48.75% of the interpleader fund, while Policy B makes up the remaining 51.25%;

WHEREAS, when Northwestern Mutual was dismissed from the case, Judge Xinis of the District of Maryland ordered that it be awarded $11,357.01 in attorneys' fees to be paid from the deposited funds, Dkt. 24;

WHEREAS, in its November 20, 2024 Memorandum Opinion and Order, Dkt. 82, this Court declared that Jeremiah Watson and ███████████ (hereinafter "J.R.H.") were each entitled to 20% of the proceeds of Policy A;

WHEREAS Policy A's total value, less half the attorneys' fees paid to Northwestern Mutual, is $477,593.22; and

WHEREAS Mr. Watson and J.R.H. are accordingly each entitled to 20% of that total value, plus 20% of the interest accruing on the 48.75% of the deposited funds deriving from Policy A, which amounts to 9.75% of the accrued interest on the total value of the deposited funds; it is therefore hereby

**ORDERED** that proceeds from the Northwestern Mutual Life Insurance Policy No. 21-455-316 be distributed as follows:

1. Jeremiah Watson shall receive **$95,518.64** plus **9.75%** of the accumulated interest in the account at the time of distribution to him. These funds shall be transferred to the Client Trust Account of McDermott Will & Emery LLP, Watson's counsel.

2. J.R.H. shall receive **$95,518.64** plus **9.75%** of the accumulated interest in the account at the time of distribution to him. These funds shall be transferred to the Client Trust Account of WilmerHale, J.R.H.'s counsel and guardian *ad litem*.

It is hereby further **ORDERED** that:

3. WilmerHale, as counsel and guardian *ad litem* for J.R.H., shall promptly establish a trust for J.R.H.'s benefit, deposit therein J.R.H.'s share of the proceeds of Policy No. 21-455-316, and appoint a trustee to administer the trust.

4. The trustee of J.R.H.'s trust is authorized to use J.R.H.'s trust funds for J.R.H.'s medical expenses, support, education, and housing.

SO ORDERED this ___25___ day of ___November___, 2024.

_____
HON. COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

2