**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>J.R.H., *ex rel.* MALEEQUA C. HALL, *et al.*<br><br>Defendants. | Civil Action No. 22-2588 (CKK) |

<u>**JOINT MOTION TO DISBURSE INTERPLEADED FUNDS TO M.R.H.**</u>

Jeremiah Watson, J.R.H. (by and through his guardian *ad litem*), and M.R.H. (by and through her guardian *ad litem*) (collectively, the "Children") hereby jointly move the Court to enter the accompanying proposed order disbursing to M.R.H. the remaining 20% of the proceeds of Policy A to which this Court has determined Ms. Izumi is not entitled. In support of this motion, the Children state as follows:

1.     This action concerns the proper distribution of Marcel Theo Hall's life insurance funds that Northwestern Mutual Life Insurance Company ("Northwestern Mutual") deposited with the court.

2.     Northwestern Mutual deposited a total of $991,401.45 with the court, consisting of $483,271.72 from Policy No. 21-455-316 (which the parties have referred to as "Policy A") and $508,128.73 from Policy No. 21-359-124 (which the parties have referred to as "Policy B"). Dkt. 21-1 at 7; Dkt. 88.

3.     When Policy A was issued, Mr. Watson and J.R.H. were designated as 50% beneficiaries. When Mr. Hall died, beneficiary designation forms had been submitted under which

1

each of the Children was designated to receive 20% of Policy A and Ms. Izumi was designated to receive the remaining 40%. Dkt. 82, Mem. Op. & Order at 7 (November 20, 2024).

4.      The Children moved for partial summary judgment as to 60% of Policy A, contending there was no material dispute of fact precluding disbursal of that portion of the proceeds to them. *See* Dkt. 67, Children's Combined Motion for Partial Summary Judgment.

5.      In its November 20, 2024, Memorandum Opinion and Order resolving the Children's motion, this Court declared that the January 2019 designation naming Ms. Izumi as a 100% beneficiary of Policy A could not be operative. Dkt. 82 at 7.

6.      As a result, the Court held, under any of the designations that could be operative, Ms. Izumi is entitled to anywhere from zero to "at most 40%" of the proceeds of Policy A and Mr. Watson and J.R.H. "are each entitled to 20% of the proceeds of Policy A." Dkt. 82 at 6, 9.

7.      With respect to the remaining 20% of Policy A, this Court acknowledged that it belonged to one or more of the Children because Ms. Izumi is entitled to "at most 40%" of the proceeds of Policy A. Dkt. 82 at 6, 9-10. However, this Court denied summary judgment as to the remaining 20% of Policy A in light of a single disputed legal issue: Depending on which beneficiary designation was proven to control, Mr. Watson and J.R.H., on the one hand, or M.R.H., on the other hand—but, in any event, not Ms. Izumi—could be entitled to those funds. Dkt. 82 at 10.

8.      Mr. Watson and J.R.H. each hereby affirm that they do not claim entitlement to the remaining 20% of Policy A that was the subject of the Children's motion, and each agrees that those funds should be disbursed to M.R.H regardless of which beneficiary designation ultimately is shown to control. This disputed legal issue that precluded the Court from granting summary judgment is therefore immaterial to resolution of this motion.

9.      To be clear, while the Children continue to dispute the validity of the May 2018 and October 2020 beneficiary designations as to the inclusion of Ms. Izumi as a beneficiary, the Children share a united position that the insurance proceeds were always intended to be split equally between them.

10.     This motion is not intended to disclaim or waive the Children's right or claim to the 40% of Policy A that was not the subject of their motion for partial summary judgment.  The Children maintain their position that the respective rights of the parties to that portion of Policy A should be determined at trial.

11.     The parties have conferred about this motion.  Though the Court has already determined Ms. Izumi is not entitled to these funds, Ms. Izumi nevertheless opposes this motion. No other party opposes the relief requested herein.

12.     The Court need not consider Ms. Izumi's opposition because she has no interest in the outcome of the motion and therefore lacks standing to oppose it.  *See Orlowski v. Bates*, 2016 WL 10644807, at \*1 (W.D. Tenn. Jan. 25, 2016) (granting a motion to strike defendant's opposition to plaintiffs' motion because he had "no legal interest in the outcome of [p]laintiffs' motion"); *In re Graña y Montero S.A.A. Sec. Litig.*, 2019 WL 259778, at \*3 (E.D.N.Y. Jan. 9, 2019) (refusing to consider defendant's opposition to plaintiffs' motion where defendant "lack[ed] standing to oppose the motion … because it ha[d] no stake in the outcome of the motion").

13.     A proposed order, which is redacted to protect the name of a minor, accompanies this motion.  The Children will contemporaneously file an unredacted proposed order under seal.

For the foregoing reasons, the Children respectfully request that the Court grant their motion and enter the proposed order.

Dated:  April 3, 2026

By:   */s/ Todd C. Zubler*
      Todd C. Zubler (D.C. Bar No. 459216)
      Sam McHale (D.C. Bar No. 1724920)
      WILMER CUTLER PICKERING
        HALE AND DORR LLP
      2100 Pennsylvania Avenue NW
      Washington, DC 20037
      Telephone: (202) 663-6000
      Facsimile: (202) 663-6363
      Todd.Zubler@wilmerhale.com
      Sam.McHale@wilmerhale.com

      *Guardian Ad Litem and Counsel for*
      *M.R.H.*

Respectfully submitted,

By:  */s/ Michael S. Nadel*
     Michael S. Nadel (D.C. Bar No. 470144)
     McDERMOTT WILL & SCHULTE LLP
     500 North Capitol Street NW
     Washington, DC 20001
     Telephone: (202) 756-8000
     Facsimile: (202) 756-8087
     mnadel@mwe.com

     *Counsel for Jeremiah Watson*

By*:  /s/ Corrine A. Irish*
      Corrine A. Irish (*pro hac vice*)
      SQUIRE PATTON BOGGS
      1120 6th Ave. 13th Floor
      New York, NY 10036
      Telephone: (212) 872-9823
      Facsimile: (212) 872-9815
      corrine.irish@squirepb.com

      Mary Maloney (D.C. Bar No. 1047207)
      Morgan Alexis Miller (D.C. Bar 90018632)
      SQUIRE PATTON BOGGS
      2550 M Street N.W.
      Washington, D.C. 20037
      Telephone: (202) 457-6000
      Facsimile: (202) 457-6315
      mary.maloney@squirepb.com
      morgan.miller@squirepb.com

      *Guardian Ad Litem for J.R.H.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by email.


Dated:   April 3, 2026                    By:    _/s/ Todd C. Zubler_