**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

      Plaintiff,

      v.

J.R.H., *ex rel.* MALEEQUA C. HALL, *et al.*

      Defendants.

Civil Action No. 22-2588 (CKK)

**[PROPOSED] STIPULATED**
**ORDER**

WHEREAS, in this interpleader action, Northwestern Mutual Life Insurance Company ("Northwestern Mutual") deposited $991,401.45 of Marcel Theo Hall's life insurance proceeds with the United States District Court for the District of Maryland, consisting of $483,271.72 from Policy No. 21-455-316 (which the parties have referred to as "Policy A") and $508,129.73 from Policy No. 21-359-124 (which the parties have referred to as "Policy B"), Dkt. 21-1, at 7;

WHEREAS Policy A therefore constitutes 48.75% of the interpleader fund, while Policy B makes up the remaining 51.25%;

WHEREAS, when Northwestern Mutual was dismissed from the case, Judge Xinis of the District of Maryland ordered (Dkt. 24) that Northwestern Mutual be awarded $11,357.01 in attorneys' fees to be paid from the deposited funds;

WHEREAS Policy A's total value, less half the attorneys' fees paid to Northwestern Mutual, is $477,593.22;

WHEREAS, in its November 20, 2024, Memorandum Opinion and Order (Dkt. 82) this Court declared that Jeremiah Watson and J.R.H. were each entitled to 20% of the proceeds of Policy A;

1

WHEREAS, in its November 20, 2024 Memorandum Opinion and Order (Dkt. 82) this Court declared that Jennifer Izumi was entitled to at most 40% of the proceeds of Policy A;

WHEREAS, pursuant to its November 25, 2024, Order (Dkt. 88), there is no dispute that the remaining 20% of Policy A belongs to either Mr. Watson and J.R.H., on the one hand, or to ███████████████████ (hereinafter "M.R.H."), on the other hand; and

WHEREAS Mr. Watson and J.R.H. each hereby stipulate and agree that the remaining 20% of Policy A (to which this Court has declared Jennifer Izumi is not entitled) should be disbursed M.R.H.;

It is therefore hereby **ORDERED** that proceeds from the Northwestern Mutual Life Insurance Policy No. 21-455-316 be distributed as follows:

1.  M.R.H. shall receive **$95,518.64** plus **9.75%** of the accumulated interest in the account at the time of distribution to M.R.H.

2.  These funds shall be transferred to the Client Trust Account of WilmerHale, M.R.H.'s counsel and guardian *ad litem*.

It is hereby further **ORDERED** that:

3.  WilmerHale, as counsel and guardian *ad litem* for M.R.H., shall promptly establish a trust for M.R.H.'s benefit, deposit therein M.R.H.'s share of the proceeds of Policy No. 21-455-316, and appoint a trustee to administer the trust.

4.  The trustee of M.R.H.'s trust is authorized to use M.R.H.'s trust funds for M.R.H.'s medical expenses, support, education, and housing.

SO ORDERED this _____ day of _____, 2026.

_____
HON. COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

2