**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

Plaintiff,

v.

J.R.H., *ex rel.* MALEEQUA C. HALL, *et al.*

Defendants.

Civil Action No. 22-2588 (CKK)

**OPPOSITION TO JOINT MOTION FOR PARTIAL DISBURSEMENT OF**
**INTERPLEADED FUNDS**

Defendant Jennifer Izumi ("Izumi"), by and through undersigned counsel, hereby respectfully submits this Opposition to the Minor Claimants' Joint Motion to Disburse Funds from the Court's Registry.

**PRELIMINARY STATEMENT**

This interpleader is straightforward. It concerns two life insurance policies, which must be determined in accordance with their governing terms and any valid amendments. The complexity in this case is not inherent—it arises from challenges to post-2015 beneficiary designations, including those on which M.R.H.'s claim depends.

The Court's November 20, 2024 Memorandum Opinion and Order clarified the governing framework. It denied summary judgment as to M.R.H.'s claimed entitlement to 20% of Policy A because that entitlement depends on the validity of the May 2018 and October 2020 beneficiary designations—issues that remain unresolved on the present record.

The motion now before the Court seeks to bypass that ruling. It requests a court-ordered distribution for M.R.H. while the issues necessary to determine her entitlement remain pending,

and while those same designations continue to be challenged by her own co-claimants. That request is premature and inconsistent with the Court's Order and the governing law of interpleader.

The motion also presents a second, equally fundamental problem. It relies on a stipulation in which Watson and J.R.H. disclaim any entitlement to the remaining 20% of Policy A and seek to direct those funds to M.R.H. But a disclaimer is not a conveyance and it does not establish entitlement. The Court must determine entitlement based on the governing instruments and the evidentiary record — not reallocate funds based on agreement among certain claimants.

The effect of the requested relief underscores the problem. M.R.H. would receive $95,518.64 from the registry, Watson and J.R.H. have already received approximately $191,000 combined, and Izumi's 40%, recognized in the same November 20 Order, remains undistributed. The fact that Watson and J.R.H. do not offer to transfer any portion of the funds they have already received, and instead seek a court-ordered distribution from the registry, reveals the stipulation for what it is — a litigation tactic to allocate the remaining Policy A proceeds to the minor claimants while preserving Izumi's 40% as leverage in the ongoing Policy B dispute.

This motion reflects the same issue previously identified by the Court. Rather than await resolution of the pending cross-motions, which will determine the validity of the operative designations, the motion seeks to obtain distribution without the adjudication the Court has already required. Interpleader does not permit that result.

## BACKGROUND

Northwestern Mutual deposited $991,401.45 into the Court's registry: $483,271.72 from Policy A and $508,128.73 from Policy B. Dkt. 118 ¶2. Both policies remain subject to active, unresolved dispute.

Policy A's beneficiary designation history is as follows. The original November 2015 designation named Watson (50%) and J.R.H. (50%). Dkt. 82 at 7. The May 2018 designation added M.R.H. (20%) and Izumi (40%), reducing Watson and J.R.H. to 20% each. *Id.* A January 2019 designation named Izumi as 100% beneficiary. *Id.* The October 2020 designation restored the May 2018 allocation. *Id.* M.R.H. does not appear in any designation other than the May 2018 and October 2020 designations. *Id.* The Children dispute the validity of the ownership changes (Hall to BMI to BAI) and the authority to make those changes — disputes that bear on the validity of all post-2015 designations and therefore on the entitlement of every claimant to Policy A.

On November 20, 2024, this Court granted in part and denied in part the motion for partial summary judgment filed on behalf of Watson, J.R.H., and M.R.H. as to Policy A. Dkt. 82. The Court declared Watson and J.R.H. each entitled to *at least* 20% and Izumi entitled to *at most* 40%. *Id.* ¶ 9.

9. As to M.R.H., the Court denied summary judgment because Watson, J.R.H., and M.R.H. "dispute the validity of every beneficiary designation for Policy A after the original November 2015 designation, including the designations that purported to add M.R.H. as a beneficiary[]" and M.R.H. had "not identified any evidence that would support M.R.H.'s claim… if the May 2018 and October 2020 beneficiary designations are invalid." *Id.* at 10. That position necessarily included the May 2018 and October 2020 designations — the only instruments under which

3

M.R.H. has any claim to Policy A. The November 20 Order is expressly interlocutory as to M.R.H.'s claimed 20%. To date, no party has withdrawn or narrowed those challenges.

Pursuant to the November 20 Order, Watson and J.R.H. have already received their 20% shares of Policy A, totaling approximately $191,000 combined. Dkt. 89. Izumi's 40% has not been distributed. Counsel now files the present motion, appending a stipulation from Watson and J.R.H. in which they expressly disclaim any entitlement to the remaining 20%. Dkt. 118 ¶7. In the same motion, the Children "continue to dispute the validity of the May 2018 and October 2020 beneficiary designations as to the inclusion of Ms. Izumi as a beneficiary." *Id*. 9. There is no designation that allocates proceeds to MRH while excluding Izumi. *See,* Dkt. 82 at 7.

In advance of filing the present motion, counsel for the Children notified Izumi that they intended to seek a joint motion for disbursement of the remaining Policy A funds based on a stipulation among certain claimants. Izumi responded that she opposed the proposed motion as improper and requested the legal and factual basis for the position that such a distribution could be ordered in light of the Court's November 20 Order and the unresolved entitlement issues identified therein. Izumi further advised that she would not oppose a comprehensive, simultaneous distribution consistent with the Court's ruling, namely, a 20%/20%/20%/40% allocation without prejudice to their claims on Policy B. Counsel failed to provide any authority or explanation supporting the position that the requested distribution is proper. Despite that exchange, counsel proceeded with the present motion. Izumi has consistently maintained that the requested relief is premature and inconsistent with the Court's prior ruling.

## **ARGUMENT**

### I.    THE MOTION FAILS ON ITS OWN TERMS: THE STIPULATION DOES NOT ESTABLISH ENTITLEMENT

The motion fails on its own terms. In paragraph 8 of the motion, Watson and J.R.H. affirmatively state that they "do not claim entitlement to the remaining 20% of Policy." Dkt. 118 ¶8. That statement constitutes a judicial admission of non-entitlement. Having disclaimed any entitlement to that portion of the proceeds, Watson and J.R.H. have no interest to transfer, assign, or relinquish. A disclaimer is not a conveyance. It does not operate to vest rights in another claimant.

M.R.H. must therefore establish her own independent entitlement to the remaining 20% of Policy A. That is precisely the issue this Court determined could not be resolved on summary judgment. The stipulation does not resolve the underlying factual disputes identified by the Court, including the validity of the May 2018 and October 2020 beneficiary designations. Nor does it supply any evidentiary basis for M.R.H.'s claim. Those challenges remain in place, and no party has withdrawn or narrowed them.

A co-claimant stipulation cannot substitute for proof of entitlement. In an interpleader action, the Court must determine which claimant is legally entitled to the disputed funds based on the governing instruments and the evidentiary record, not reallocate those funds based on agreement among certain claimants. *See, Nixon v. Life Ins. Co. of Va.*, 124 A.2d 305, 307 (D.C. Mun. Ct. App. 1956); *Day v. Kerley*, 146 A.2d 571, 573 (D.C. Mun. Ct. App. 1958).

The absence of competing claims does not, by itself, establish entitlement. Because no adjudication has determined that M.R.H. is entitled to the remaining 20% of Policy A, the motion must be denied.

5

## II.    THE NOVEMBER 20, 2024 ORDER IS INTERLOCUTORY AND THE MOTION PRESENTS NO BASIS FOR RECONSIDERATION

The November 20 Order is a partial summary judgment ruling. It resolved Watson's and J.R.H.'s shares and capped Izumi's, but it expressly denied judgment on M.R.H.'s claim. Dkt. 82 at 11. It is interlocutory as to M.R.H. The distribution of interpleader funds following a co-claimant stipulation occurs only after the completion of the second stage of interpleader, the determination of the respective rights of all claimants, not a mid-case motion based on a partial ruling. *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F.Supp.2d 38, 40 n.2 (D.D.C. 2002) (second stage of interpleader "consists of a determination of the respective rights of the claimants to the disputed property"). That second stage is not complete.

This motion seeks to obtain the same relief the Court previously declined to grant, without resolving the issues the Court identified as necessary to establish entitlement. A motion for reconsideration requires a showing of an intervening change in controlling law, newly discovered evidence bearing on the question decided, or clear error in the original ruling. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Counsel satisfies none of these conditions. There is no intervening change in controlling law. The Watson/J.R.H. stipulation is not newly discovered evidence bearing on the validity of the beneficiary designations—the foundational question the Court identified as unresolved. It is a reallocation among co-claimants that says nothing about whether the May 2018 and October 2020 designations were validly executed. And the Court committed no clear error. Its denial was supported directly by counsel's own position disputing the post-2015 designations. Permitting parties to obtain reconsideration by relabeling a motion and attaching a co-claimant stipulation would render prior rulings advisory and invite sequential motion practice on issues already decided.

The present motion underscores the same defect identified in prior motion practice. In seeking summary judgment as to Policy A, counsel challenged all post-2015 beneficiary designations, including those necessary to support M.R.H.'s claim while presenting longstanding circumstances as a basis for emergency relief despite the absence of any newly discovered facts.[1] Those arguments, if accepted, would have foreclosed M.R.H.'s entitlement altogether. The Court identified that defect and denied summary judgment on that basis.

The motion seeks to obtain for M.R.H. the very relief foreclosed by counsel's prior litigation positions, without addressing the evidentiary deficiencies those positions created. Rather than resolving the entitlement issues identified by the Court, it attempts to secure that outcome through stipulation rather than adjudication. Interpleader does not permit that result.

That defect was not incidental; it was the direct consequence of counsel's litigation position, which challenged all post-2015 designations, including the only instruments under which M.R.H. has any claim, without evidentiary support. That position undermined M.R.H.'s entitlement by placing in dispute the sole basis for her recovery. The present motion seeks to overcome those consequences without curing the underlying deficiencies, substituting stipulation for proof and seeking distribution in the absence of any adjudicated entitlement.

---

[1] The record reflects that the circumstances cited by counsel in support of expedited relief were known well before the filing of the Children's motion for partial summary judgment. In that motion, counsel relied on those circumstances, asserting that the Children were in dire need of the insurance proceeds due to their living conditions. See, Dkt. 67. As reflected in the declaration of Maleequa Hall, which was provided prior to that filing, the underlying facts concerning the Children's housing situation had existed for months without material change. *See, Id.* ¶¶ 4–7 (describing shelter residency beginning in February and April 2024 and continuing thereafter). This sequence demonstrates that the circumstances relied upon were not newly developed at the time of the motion, notwithstanding their presentation as warranting immediate relief. This history underscores that prior requests for accelerated relief were not based on newly developed facts, and that counsel's own litigation positions undermined M.R.H.'s entitlement; the present motion seeks to overcome the consequences of those positions without curing the underlying deficiencies and offers no new evidentiary basis to justify departure from the Court's prior ruling.

## III.     IZUMI HAS STANDING TO OPPOSE THIS MOTION

Counsel asks this Court to disregard Izumi's opposition on the ground that she has no interest in the outcome. Dkt. 118 ¶ 12. That contention is without merit. Izumi's 40% of Policy A is currently frozen in the registry. She has a direct financial interest in the equitable management of the fund and in preventing selective distributions that entrench a one-sided status quo in the litigation.

Izumi also has a legally cognizable interest in how this Court characterizes the validity of the May 2018 and October 2020 beneficiary designations. Those instruments govern her 40% Policy A claim and the entire ownership chain underlying her Policy B claim. Any judicial characterization of those designations here carries legal significance for those unresolved claims.

Under 28 U.S.C. §§ 1335 and 2361, the Court "shall hear and determine the case" among all claimants. Until final judgment allocates all interpleaded funds, every party-claimant has a cognizable interest in the disposition of the fund. The cases cited by counsel involve parties with no stake in litigation between others and are not interpleader cases. *Orlowski v. Bates*, 2016 WL 10644807 (W.D. Tenn. Jan. 25, 2016); *In re Graña y Montero S.A.A. Sec. Litig.*, 2019 WL 259778 (E.D.N.Y. Jan. 9, 2019). Neither has any application to a named interpleader claimant with frozen funds in the same registry.

## IV.     THE COURT MUST ADJUDICATE ENTITLEMENT BEFORE DISTRIBUTION

### A.     Governing Law Requires Adjudication Before Distribution

Where an insurer invokes the remedy of interpleader to determine who is entitled to proceeds of a policy, "it is the duty of the court to pass upon the merits of the claimants' rights to the proceeds." *Nixon v. Life Ins. Co. of Va.*, 124 A.2d 305, 307 (D.C. Mun. Ct. App. 1956). Each claimant must prove entitlement by a preponderance of the evidence. *Day v. Kerley*, 146 A.2d 571,

8

573 (D.C. Mun. Ct. App. 1958) ("It is well settled that each defendant in an interpleader action must prove his claim by a preponderance of the evidence."); *accord Govan v. SunTrust Bank*, 289 A.3d 681, 690 n.1 (D.C. 2023). A co-claimant stipulation does not satisfy that burden.

This Court has articulated the procedural sequence governing distribution — upon granting interpleader relief, "the court undertakes additional proceedings to determine the respective rights of the claimants to the disputed property." *Metropolitan Life Ins. Co. v. Barbour*, 555 F.Supp.2d 91, 97 (D.D.C. 2008) (Kollar-Kotelly, J.). Distribution follows those additional proceedings. The present motion asks this Court to invert that sequence — to distribute before completing the adjudication it has already commenced, contrary to the procedure this Court itself established in *Barbour*.

The D.C. Circuit confirmed that the interpleader court's role is to achieve "an orderly distribution" based on each claimant's adjudicated entitlement. *Com.  Ins. Co. v. United States*, 999 F.2d 581, 588 (D.C. Cir. 1993). Likewise, the Supreme Court held that where funds are in the Court's registry and entitlement remains in pending proceedings, the Court is required to "await the outcome of the proceedings in order that it may discharge the duty which it owes to the litigants and the public by avoiding unlawful disposition of the fund in the meantime, and ultimately distributing it to those found to be entitled to it." *United States v. Morgan*, 307 U.S. 183, 197–98 (1939).

Interpleader permits the early distribution of undisputed funds, but only after entitlement has been established; here, the Court has already determined that M.R.H.'s entitlement turns on unresolved issues that this motion does not address. A co-claimant stipulation does not satisfy that burden.

**B.      Counsel's Own Litigation Position Forecloses Any Basis for M.R.H.'s Entitlement**

Paragraph 9 of the motion states that counsel "continue to dispute the validity of the May 2018 and October 2020 beneficiary designations as to the inclusion of Ms. Izumi as a beneficiary." Dkt. 118 ¶ 9. M.R.H. does not appear in any designation other than those two. Her entire claim derives from instruments that were previously challenged by counsel on behalf of all three minor claimants, including M.R.H., and that remain contested on the present record. Either the May 2018 and October 2020 designations were validly executed—in which case both M.R.H. and Izumi have claims under them, or they were not, in which case M.R.H. has no claim and Watson and J.R.H. take under the original 2015 designation. There is no legally coherent position in which those designations are valid as to M.R.H. and invalid as to Izumi. The Court identified this exact problem in its November 20 Order and denied summary judgment on that basis. Dkt. 82 at 10.

Nothing has changed. Counsel continues to dispute the validity of the same designations that form the sole basis for both M.R.H.'s and Izumi's claims, yet now seeks to treat those claims differently — accepting the designations for purposes of awarding M.R.H. 20% while rejecting them as to Izumi. Because those claims arise from the same instruments, they are legally inseparable on the present record. The Court has already recognized that no such distinction can be drawn. This position persists despite record evidence supporting the validity of the ownership changes and beneficiary designations, including executed instruments bearing wet signatures. Counsel has identified no evidence sufficient to invalidate those instruments, yet continues to dispute them while simultaneously seeking to rely on them to support M.R.H.'s recovery.

**C.  Watson and J.R.H. Disclaim the Very Rights They Purport to Transfer**

Watson and J.R.H. can only stipulate away an interest they legally possess. Under the original November 2015 designation, the only operative designation if the post-2015 designations

10

are found invalid — Watson and J.R.H. hold 50% each. There is no "remaining 20%" to redirect to M.R.H. under that designation; M.R.H. was never a beneficiary under it. Whether Watson and J.R.H. hold the specific 20% they purport to stipulate away depends on which designation controls — a question that has not been adjudicated.

Watson and J.R.H.'s disclaimer exposes the reality of the stipulation. They have already received approximately $191,000 combined from Policy A pursuant to the November 20 Order — roughly $95,500 each. If their objective were simply to benefit M.R.H., they already possess the means to do so directly, without a court order or further motion practice. The fact that they do not offer to transfer any portion of the $191,000 they have already received, and instead seek a court-ordered distribution from the registry exposes the stipulation for what it is — not generosity toward M.R.H., but a litigation mechanism to allocate the remaining Policy A proceeds to the minor claimants while positioning Izumi's 40% to be used as leverage in the ongoing Policy B dispute. If Watson and J.R.H. wish to gift money to M.R.H., they can give her money they already have. They do not need this Court's assistance to do that.

### D. The Motion Does Not Address the Fiduciary Obligations of the Guardians *Ad Litem*.

Both J.R.H. and M.R.H. are minors represented by guardians *ad litem* with fiduciary obligations to their respective wards. *See,* D.C. Code § 21–2033(a) (authorizing appointment of a guardian ad litem "to prosecute or defend the best interests" of individuals in a legal proceeding). The motion does not identify any finding or approval that the stipulation, reallocating contested funds away from one minor in favor of another, is consistent with those obligations. Before accepting such a stipulation, the Court should be satisfied that it is in the best interests of each minor it affects.

11

## V.    IN THE ALTERNATIVE, IF THE COURT GRANTS ANY DISTRIBUTION, IT MUST RELEASE IZUMI'S 40% SIMULTANEOUSLY

The motion should be denied. But if the Court is inclined to order any distribution of Policy A proceeds, the equitable course is to release all shares simultaneously, ensuring consistent treatment of similarly situated claimants. That includes Watson's 20%, J.R.H.'s 20%, M.R.H.'s claimed 20%, and Izumi's 40%. Izumi does not seek to withhold M.R.H.'s funds. What Izumi opposes is counsel obtaining a court order that releases every share of Policy A to their clients while leaving Izumi's judicially declared entitlement undistributed as leverage in the ongoing Policy B dispute.

The November 20 Order declared Watson and J.R.H. each entitled to *at least* 20% and Izumi entitled to *at most* 40%. Those entitlements share the same procedural posture. If the Court finds the Watson/J.R.H. stipulation sufficient to authorize distribution of M.R.H.'s 20%, there is no principled basis, legal or equitable, for withholding Izumi's 40% from that same order. *Com. Union Ins. Co. v. United States*, 999 F.2d at 588 ("equity is equality"). Releasing Izumi's 40% would not prejudge the remaining merits questions any more than releasing M.R.H.'s claimed 20% would; it would simply apply the November 20 Order consistently rather than selectively. It would simply release what the Court has already identified as belonging to the respective parties, consistent with *Morgan*'s instruction that the Court distribute funds "to those found to be entitled to it." 307 U.S. at 197–98.

A comprehensive, simultaneous release of all Policy A shares is the only outcome consistent with equitable management of the fund. Counsel's request to release only their clients' shares while leaving Izumi's share frozen in the registry is not neutral. It is a selective distribution that allocates Policy A proceeds to the minor claimants while positioning Izumi's share to affect

the ongoing Policy B dispute. This Court's equitable authority over the interpleader fund does not permit that result.

## CONCLUSION

The motion should be denied. A co-claimant stipulation cannot be used to distribute interpleaded funds while leaving Izumi's judicially recognized entitlement undistributed. *Commercial Union*, 999 F.2d at 588–89. The motion is procedurally improper because it seeks relief the Court already declined to grant, on the same record and without satisfying the standard for reconsideration. At the same time, counsel's motion continues to dispute the very designations that form the sole basis for M.R.H.'s claim, confirming that entitlement has not been established. Interpleader does not permit claimants to obtain through procedural repackaging what they have not established on the merits. *See, Morgan*, 307 U.S. at 197–98.

In the alternative, if the Court is inclined to order any distribution of Policy A proceeds, it must include Izumi's 40% on the same terms. Izumi does not seek to withhold any claimant's funds; she seeks to ensure that any distribution occurs consistently and in accordance with the Court's prior ruling. The motion instead requests a selective distribution that allocates funds to certain claimants while leaving Izumi's share undistributed. The motion attempts to obtain through stipulation a result that could not be established on the evidentiary record, after advancing positions that undermined M.R.H.'s own claim.

Izumi further respectfully requests an award of her reasonable attorneys' fees and costs incurred in responding to this motion, which seeks relief the Court has already declined to grant and imposes unnecessary and duplicative motion practice. *See,* 28 U.S.C. § 1927.

13

Dated: April 17, 2026                                  Respectfully submitted,
                                                       **COOPER LEGAL, LLC**

                                                       /s/Dayna C. Cooper/
                                                       By: Dayna C. Cooper (Bar No. 103385)
                                                       1 Olympic Pl., Suite 900
                                                       Towson, MD 21204
                                                       (202) 642-5470 (office)
                                                       Dayna@CooperLegalSolutions.com
                                                       *Attorney for Defendant, Jennifer Izumi*

14

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing OPPOSITION TO JOINT

MOTION FOR PARTIAL DISBURSEMENT OF INTERPLEADED FUNDS was served on all

counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.

Dated: April 17, 2026                                   By:   */s/ Dayna C. Cooper*