**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

        Plaintiff,

      v.

J.R.H., *ex rel.* MALEEQUA C. HALL, *et al.*

        Defendants.

Civil Action No. 22-2588 (CKK)

---

**DEFENDANTS J.R.H., M.R.H., AND JEREMIAH WATSON'S
REPLY IN SUPPORT OF THEIR JOINT MOTION TO DISBURSE**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

ARGUMENT ............................................................................................................................... 1

    I.      The Court Should Disregard Izumi's Opposition Because She Has No Standing To Oppose Disbursal Of Funds To Which She Has No Claim ................................ 1

    II.     The Court Should Disburse The 20% Of Policy A Sought By M.R.H. Because No Other Party Claims Those Funds ............................................................................ 2

    III.    The Court Should Deny Izumi's Request To Disburse To Her The 40% Of Policy A That She Seeks ...................................................................................................... 3

CONCLUSION ............................................................................................................................ 4

# TABLE OF AUTHORITIES

Page(s)

## CASES

*General Acc. Grp. v. Gagliardi*, 593 F. Supp. 1080 (D. Conn. 1984) ............................................. 3

*In re Graña y Montero S.A.A. Sec. Litig.*, 2019 WL 259778 (E.D.N.Y. Jan. 9, 2019) ............................................................................................................................................. 2

*N.Y. Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91 (2d Cir. 1983) ................................. 2, 3

*Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130 (4th Cir. 1984) ......................................... 2

*Nixon v. Life Ins. Co. of Va.*, 124 A.2d 305 (D.C. 1956) ................................................................. 3

*Orlowski v. Bates*, 2016 WL 10644807 (W.D. Tenn. Jan. 25, 2016) ............................................. 1

*RiverSource Life Ins. Co. v. Martell*, 2020 WL 13566069 (D. Conn. Dec. 23, 2020) ................................................................................................................................................ 3

*Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38 (D.D.C. 2002) ........................... 2

*Sun Life Assur. Co. of Canada v. Conroy*, 431 F. Supp. 2d 220 (D.R.I. 2006) .......................... 2, 3

*Warth v. Seldin*, 422 U.S. 490 (1975) .............................................................................................. 2

## STATUTES, RULES, AND REGULATIONS

28 U.S.C. § 1335 ............................................................................................................................... 2

**ARGUMENT**

The Children's Motion requests that the Court disburse 20% of Policy A to the only party who claims entitlement to those funds—M.R.H.  Rather than address this simple point, Jennifer Izumi's thirteen-page Opposition (Dkt. 121) manufactures a host of purported obstacles by recasting the Children's motion as a Rule 59 motion (it is not), pretending the Children seek final adjudication of disputed claims (they do not), and mischaracterizing the Children's stipulation as an attempt to effect a conveyance among the parties (again, it is not).  In so doing, the Opposition defeats only creatures of its own invention and presents no legal basis to deny the Motion.

**I.      The Court Should Disregard Izumi's Opposition Because She Has No Standing To Oppose Disbursal Of Funds To Which She Has No Claim**

To begin, Izumi lacks standing to oppose the Children's Motion because she has no stake in its outcome.  Izumi claims (Dkt. 121, Opp. at 8) to have standing based on what she asserts is her direct financial interest.  Though she offers neither authority nor explanation in support of this contention, whatever direct financial interest Izumi may have in the fund presumably derives from her status as a claimant to certain monies in the fund.  Yet as Izumi's pleadings and briefs (including her Opposition here) demonstrate, she has never claimed entitlement to the entire fund—indeed, she has never claimed entitlement to that portion of Policy A which is the sole subject of the Children's Motion.  *See* Dkt. 35, Izumi Answer at 14; Dkt. 68, Izumi Opp. to Children's MSJ at 4, 11; Dkt. 121, Opp. at 3.  Rather, Izumi has sought only a separate 40% of Policy A, and the Court has already held that Izumi is entitled to "at most" that 40% portion, not the 20% portion at issue here.  Dkt. 82, Mem. Op. & Order at 6, 9, 10; *see also id.* at 10 ("Izumi is not entitled to more than 40% of the proceeds of Policy A ….").

The Children's cited cases demonstrate that a party may "assert only his own legal rights and interests." *Orlowski v. Bates*, 2016 WL 10644807, at *1 (W.D. Tenn. Jan. 25, 2016) (citing

1

*Warth v. Seldin*, 422 U.S. 490, 499 (1975)).  Here, Izumi has no such legal rights or interests as it relates to the 20% of Policy A now under consideration.  The Court accordingly should elect "not to consider [Izumi's] opposition."  *In re Graña y Montero S.A.A. Sec. Litig.*, 2019 WL 259778, at *3 (E.D.N.Y. Jan. 9, 2019), *report and recommendation adopted*, 2019 WL 1046627 (E.D.N.Y. Mar. 5, 2019).

**II.    The Court Should Disburse The 20% Of Policy A Sought By M.R.H. Because No Other Party Claims Those Funds**

Izumi's arguments also fail on the merits.  Her principal contentions—that a stipulation cannot establish entitlement to interpleaded funds and that the Court must adjudicate all claims before distributing any funds—pertain, if at all, to interpleaded funds for which there are "adverse claimants," 28 U.S.C. § 1335(a)(1).  Indeed, her cited cases expressly refer to what is required where the rights of "claimants" (plural) to "disputed" (not undisputed) funds are at issue.  *See, e.g.,* Opp. at 6 (quoting *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 40 n.2 (D.D.C. 2002)).  Here, there are no adverse claimants to, and thus no dispute over, the monies that are the subject of the pending motion.

In such circumstances, interpleader is not so wooden as Izumi would have it:  The courts of appeals have stated that where there is just one remaining interpleader defendant, that remaining defendant "[c]learly" would "be entitled to the fund."  *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984); *see also N.Y. Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983) (affirming award of interpleaded funds to sole remaining claimant).  Courts have likewise been clear that a claimant may rely on a stipulation to establish a lack of adversity and thereby obtain interpleader relief.  Consider *Sun Life Assurance Company of Canada v. Conroy*, 431 F. Supp. 2d 220 (D.R.I. 2006), an interpleader action with ten putative claimants to the proceeds of seven annuity policies.  After seven of those claimants defaulted and the

2

remaining three entered a stipulation which resolved the disputes between them, the court recognized that "in light of the Stipulation, for practical purposes" there remained just one claimant to the policies. *Id.* at 226. The court then determined that the remaining claimant, "by virtue of her status as the sole remaining Defendant who has asserted a claim to the proceeds of those [policies], is entitled to the funds which have been deposited in the Registry of the Court." *Id.* at 226-227.

And though an interpleader action is "[n]ormally" conducted in "two stages," *General Acc. Grp. v. Gagliardi*, 593 F. Supp. 1080, 1087 (D. Conn. 1984), *aff'd* 767 F.2d 907 (2d Cir. 1985), "interpleader procedure as a whole is flexible and subject to the district court's sound discretion," *RiverSource Life Ins. Co. v. Martell*, 2020 WL 13566069, at *2 (D. Conn. Dec. 23, 2020). Accordingly, "the two stages may be consolidated" when there are no adverse claimants to the fund. *General Acc. Grp.*, 593 F. Supp. at 1087; *see also N.Y. Life Ins. Co.*, 700 F.2d at 94-95. Izumi's cited cases do not say otherwise. To the contrary, as the *Nixon* case she cites (Opp. at 5, 8) puts it, the "orderly processes of justice would [not] be served" by any "circuitous procedure" that "would have the effect of merely postponing for decision that which is now subject to the court's disposition." *Nixon v. Life Ins. Co. of Va.*, 124 A.2d 305, 307 (D.C. 1956). So too here. This Court may grant the pending motion notwithstanding any of Izumi's assertions otherwise.

## III. The Court Should Deny Izumi's Request To Disburse To Her The 40% Of Policy A That She Seeks

Finally, Izumi's bold request (Opp. at 12) that the Court "must" disburse funds to her if it disburses funds to M.R.H. is baseless. Izumi is not, as she claims, "similarly situated" to M.R.H. Opp. at 12. The 40% of Policy A that Izumi claims is also claimed by the Children, but the 20% of Policy A claimed by M.R.H. is not subject to any other party's claims. Izumi's assertion that the "Court has already identified" the 40% of Policy A that Izumi seeks as "belonging" to her

3

therefore fundamentally misconstrues this Court's order resolving the Children's motion for partial summary judgment. *See* Dkt. 82 at 6 ("The undisputed material facts show … that Izumi is entitled to ***at most*** 40% of those proceeds." (emphasis added)).

## CONCLUSION

The Children's Motion seeks disbursement of funds claimed by M.R.H. alone. To delay disbursement under these circumstances would disadvantage a minor beneficiary and serve no legal or practical purpose. For the reasons stated in the Children's Motion and herein, this Court should grant the Motion.

Dated: April 24, 2026

Respectfully submitted,

By:   */s/ Todd C. Zubler*
    Todd C. Zubler (D.C. Bar No. 459216)
    Molly Jennings (D.C. Bar No. 1023087
    Sam McHale (D.C. Bar No. 1724920)
    WILMER CUTLER PICKERING
      HALE AND DORR LLP
    2100 Pennsylvania Avenue NW
    Washington, DC 20037
    Telephone: (202) 663-6000
    Facsimile: (202) 663-6363
    Todd.Zubler@wilmerhale.com
    Molly.Jennings@wilmerhale.com
    Sam.McHale@wilmerhale.com

    *Guardian Ad Litem and Counsel for*
    *M.R.H.*

By:   */s/ Michael S. Nadel*
    Michael S. Nadel (D.C. Bar No. 470144)
    McDERMOTT WILL & SCHULTE
      LLP
    500 North Capitol Street NW
    Washington, DC 20001
    Telephone: (202) 756-8000
    Facsimile: (202) 756-8087
    mnadel@mwe.com

    *Counsel for Defendant Jeremiah Watson*

By:   */s/ Corrine A. Irish*
    Corrine A. Irish (*pro hac vice*)
    SQUIRE PATTON BOGGS
    1120 6th Avenue, 13th Floor
    New York, NY 10036
    Telephone: (212) 872-9823
    Facsimile: (212) 872-9815
    corrine.irish@squirepb.com

    Mary Maloney (D.C. Bar No. 1047207)
    Morgan Alexis Miller (D.C. Bar 90018632)
    SQUIRE PATTON BOGGS
    2550 M Street N.W.
    Washington, D.C. 20037
    Telephone: (202) 457-6000
    Facsimile: (202) 457-6315
    mary.maloney@squirepb.com
    morgan.miller@squirepb.com

    *Guardian Ad Litem for J.R.H.*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.

Dated:  April 24, 2026                    By:    /s/ Todd C. Zubler