**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

Plaintiff,

v.

J.R.H., *ex rel.* MALEEQUA C. HALL, *et al.*,

Defendants

Civil Action No. 22-2588 (CKK)

**MEMORANDUM OPINION & ORDER**
(April 29, 2026)

The parties in this interpleader action dispute the proper distribution of the proceeds of two life insurance policies purchased by the late musician Marcel Theo Hall, who is better known by his stage name, Biz Markie. Now pending before the Court is a [118] Motion to Disburse Interpleaded Funds to M.R.H., which was filed by three claimants: Jeremiah Watson, J.R.H., and M.R.H, all of whom are young relatives of Mr. Hall.[1] In their motion, these claimants jointly request that the Court disburse to M.R.H. a 20% share of the proceeds of one of the two policies at issue in this action, which the parties have labeled "Policy A." Another claimant, Jennifer Izumi, opposes the pending motion. Upon consideration of the parties' submissions,[2] the relevant legal authority, and the entire record, the Court shall **GRANT** the [118] Motion for Disbursement of Funds and authorize the disbursement of a 20% share of the proceeds of Policy A to M.R.H.

---

[1] The Court identifies J.R.H. and M.R.H. by their initials because they are minors. *See* LCvR 5.4(f)(2).

[2] The Court's consideration has focused on the Joint Motion for Partial Disbursement filed by Mr. Watson, J.R.H., and M.R.H., Dkt. No. 118; the Response filed by Putative Intervenor Lewis Brisbois Bisgard & Smith LLP ("LBBS"), Dkt. No. 120; the Opposition filed by Ms. Izumi, Dkt. No. 121; and the Reply filed by Mr. Watson, J.R.H., and M.R.H., Dkt. No. 124.

1

## I.

As the Court explained at greater length in a prior Memorandum Opinion and Order, Dkt. No. 82, this case involves two life insurance policies issued by Northwestern Mutual Life Insurance Company ("Northwestern Mutual") to Mr. Hall in 2015, each with a face value of $500,000. According to the original terms of the first policy ("Policy A"), which Mr. Hall elected in November 2015, the policy had two beneficiaries: Mr. Hall's grandnephews Jeremiah Watson and J.R.H.

In May 2018, someone—the parties dispute who—submitted a form to Northwestern Mutual that sought to add two people to the list of beneficiaries of Policy A: Hall's grandniece M.R.H., and Hall's business partner Jennifer Izumi. Under the May 2018 beneficiary designation form, Mr. Watson, J.R.H., and M.R.H. were each designated to receive 20% of the proceeds of Policy A, and Izumi was designated to receive the remaining 40% of the proceeds. Mr. Watson, J.R.H., and M.R.H. dispute the validity of this beneficiary designation. They argue that Mr. Hall intended to add M.R.H., but not Ms. Izumi, as a beneficiary of Policy A.

Later, in January 2019, Izumi signed a second beneficiary designation form that sought to remove Mr. Watson, J.R.H., and M.R.H. as beneficiaries of Policy A, leaving Izumi as the sole beneficiary. Someone later submitted this form to Northwestern Mutual. Mr. Watson, J.R.H., and M.R.H. each dispute the validity of this beneficiary designation and allege that Izumi was not authorized to initiate this change.

Finally, in October 2020, either Izumi or a company she owned—the parties dispute which—signed and submitted a third beneficiary designation form that sought to restore Mr. Watson, J.R.H., and M.R.H. as beneficiaries and reinstate the distribution of proceeds that had been established by the May 2018 designation: 20% each to Mr. Watson, J.R.H., and M.R.H., and 40% to Izumi. Mr. Watson, J.R.H., and M.R.H. each dispute the validity of this beneficiary

designation, arguing that it was inconsistent with Mr. Hall's wishes because Mr. Hall intended for all proceeds to be directed to Mr. Watson, J.R.H., and M.R.H.

The parties dispute who owned Policy A when the final two beneficiary designations were submitted. Ownership of the policy is relevant because under the policy's terms, the owner had the right to change its beneficiaries at any time. Ms. Izumi's position is that Mr. Hall transferred his ownership interest in Policy A to a company called Biz Markie, Inc. ("BMI") in November 2018, and that BMI later transferred that ownership interest to another company called Balancing Acts, Inc. ("BAI") in January 2019. The purported transfer to BAI occurred on the same day that Izumi signed the beneficiary designation naming herself as the sole beneficiary of Policy A. Mr. Watson, J.R.H., and M.R.H. dispute the validity of both purported transfers of ownership. Ms. Izumi argues that the transfers were valid and that she was authorized to act on behalf of both BMI and BAI at the relevant times. The parties dispute who owns and may act on behalf of BMI, but they agree that Izumi is the sole owner of BAI.

Mr. Hall died in July 2021. Northwestern Mutual then filed this interpleader action in the District of Maryland. Compl. of Interpleader, ECF No. 1. The District Court for the District of Maryland transferred the case to this Court for the convenience of the parties and so that it could be considered alongside a related case, *Hall v. Biz Markie, Inc. et al.*, No. 22-cv-0806 (CKK). *See* Memorandum, Dkt. No. 23; Order, Dkt. No. 24. This Court then appointed a guardian *ad litem* for J.R.H., M.R.H., and Mr. Watson, who was then a minor. *See* Order, Dkt. No. 28.

Through their guardian *ad litem*, Mr. Watson, J.R.H., and M.R.H. filed an Answer and Crossclaim for Declaratory Judgment against Izumi, seeking declaratory judgment that they are collectively entitled to the full proceeds of Policy A and that Izumi is not entitled to any of those proceeds. *See generally* Movants' Answer and Crossclaim, Dkt. No. 30. Izumi denied many of

the allegations in the Crossclaim and sought a declaration that she "is entitled to payment of [40%] the benefits and proceeds under . . . Policy A." *See* Nonmovants' Answer, Dkt. No. 35.

After discovery concluded, Mr. Watson, J.R.H., and M.R.H. filed a Motion for Partial Summary Judgment, seeking declaratory judgment and disbursement of the 60% of proceeds of Policy A that Ms. Izumi did not claim in her Answer. *See* Mot., Dkt. No. 67. Ms. Izumi opposed this Motion. *See* Opp'n, Dkt. No. 68.

The Court granted the motion for partial summary judgment in part and denied it in part. *See* Mem. Op. & Order, Dkt. No. 82. The Court held that Mr. Watson and J.R.H. were each entitled to "at least 20%" of the proceeds Policy A and that Ms. Izumi was entitled to "at most 40%" of the proceeds of that policy. *Id.* However, the Court held that there was a genuine dispute of material fact regarding which claimants were entitled to the remaining 20% of the proceeds of Policy A. *Id.* Depending on which beneficiary designation was operative at the time of Mr. Hall's death, this remaining 20% share could belong either to Mr. Watson and J.R.H. (in equal shares) or to M.R.H. *Id.* Specifically, if the original, November 2015 beneficiary designation was operative, then Mr. Watson and J.R.H. would each be entitled to 50% of the proceeds of Policy A, and neither M.R.H. nor Ms. Izumi would be entitled to any of those proceeds. *See id.* Otherwise—under either the May 2018 or October 2020 beneficiary designations, which were the only two beneficiary designations that the Court found could be operative under the undisputed facts presented by the parties—M.R.H. would be entitled to at least a 20% share of the proceeds of Policy A. *See id.*

At the time of the Court's ruling on the motion for partial summary judgment filed jointly by Mr. Watson, J.R.H., and M.R.H., the same guardian *ad litem* jointly represented J.R.H. and M.R.H. *See* Order, Dkt. No. 83. Because the Court's partial summary judgment ruling created

4

the possibility of a conflict of interest between J.R.H. and M.R.H., the Court invited the guardian *ad litem* to renew a prior motion to appoint an additional guardian *ad litem* so that the two minor children would each have the benefit of separate representation in this action. *See id.* The guardian *ad litem* for J.R.H. and M.R.H. then moved, "out of an abundance of caution," to appoint a substitute guardian *ad litem* for J.R.H. "so that separate guardians *ad litem* can independently assess the interests of each minor." *See* Mot., Dkt. No. 93, at 2. The Court granted that motion, and J.R.H. and M.R.H. each now have separate counsel in this case. *See* Order, Dkt. No. 94.

Now pending before the Court is a Motion to Disburse Interpleaded Funds to M.R.H., in which Mr. Watson, J.R.H., and M.R.H. jointly request that the Court disburse to M.R.H. the 20% share of the proceeds of Policy A that the Court previously held belongs either to Mr. Watson and J.R.H. or to M.R.H. Mot., Dkt. No. 118. In this joint motion, Mr. Watson and J.R.H. each "affirm that they do not claim entitlement to the remaining 20% of Policy A" that was the subject of the motion for partial summary judgment that this Court previously granted in part and denied in part. *Id.* at 2. The movants also state that they "share a united position that the insurance proceeds were always intended to be split equally between them." *Id.* at 3. Ms. Izumi opposes this motion and has requested an award of attorneys' fees and costs incurred in responding to it. Opp'n, Dkt. No. 121. Putative Intervenor Lewis Brisbois Bisgard & Smith LLP ("LBBS"), which has filed a motion to intervene to assert a lien against any funds that Ms. Izumi may recover in this action, states that it "does not object to the motion other than to the extent it seeks to disburse funds that are subject to" its notice of lien. Resp., Dkt. No. 120. The motion is now ripe for decision.

**II.**

**A.    M.R.H. is entitled to distribution of a 20% share of the proceeds of Policy A.**

This case involves several complex issues, but the primary question presented in the pending motion is straightforward. This Court previously held that the 20% share of the proceeds of Policy A that is at issue here belongs either to Mr. Watson and J.R.H. (in equal proportions) or to M.R.H. These three interested parties now jointly move for disbursement of this 20% share to M.R.H. In their joint motion, Mr. Watson and J.R.H. expressly disclaim any interest in receiving these funds. Mot., Dkt. No. 118, at 2. Accordingly, M.R.H. is the sole remaining Defendant in this interpleader action that asserts a viable claim of entitlement to the 20% share at issue. Under these circumstances, disbursement of this share to M.R.H. is proper. *See Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) (explaining that "the remaining defendant" in an interpleader action in which all other named defendants had defaulted would "[c]leary" be entitled to the entire fund); *see also Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226–27 (D.R.I. 2006) (concluding that the "sole remaining" party asserting a claim to certain interpleader funds was entitled to receive those funds after other defendants defaulted or stipulated to the resolution of their claims), *report and recommendation adopted*, 431 F. Supp. 2d at 221.

Ms. Izumi objects to the proposed distribution, but none of her arguments affords a persuasive reason to deny the pending motion. *See* Opp'n, Dkt. No. 121.

At the threshold, the Court acknowledges that Mr. Watson, J.R.H., and M.R.H. have argued that the Court need not consider Ms. Izumi's opposition at all because she "lacks standing to oppose" the relief that they are seeking. *See* Reply, Dkt. No. 124. However, rather than disregard Ms. Izumi's arguments entirely, the Court assumes—without deciding—that Ms. Izumi has a cognizable interest in the equitable adjudication of all claims upon the interpleader fund.

*See In re $6,871,042.36*, 217 F. Supp. 3d 84, 93 (D.D.C. 2016) (RBW) (recognizing intervenors' "legally cognizable interest in adjudicating their right to" an interpleader fund and allowing intervention to challenge a stay of interpleader proceedings).    Accordingly, the Court has considered Ms. Izumi's opposition on the merits.  The Court may proceed in this manner because the existence of Article III jurisdiction and statutory interpleader jurisdiction over this action is not in doubt.  *Cf. Am. Hosp. Ass'n v. Azar*, 964 F.3d 1230, 1246 (D.C. Cir. 2020) (explaining that the law of this Circuit "allows a court to assume hypothetical *statutory* jurisdiction even if [it] cannot assume Article III jurisdiction").

*First*, Ms. Izumi argues that M.R.H. cannot receive a distribution of the 20% share at issue because she has not "establish[ed] her own independent entitlement to" those funds.  *Id.* at 5.  Specifically, Ms. Izumi contends that the Court cannot order the distribution of funds because it has not yet adjudicated "the respective rights of the claimants to the disputed property."  Opp'n at 9 (quoting *Metro. Life Ins. Co. v. Barbour*, 555 F. Supp. 2d 91, 97 (D.D.C. 2008) (CKK)). This argument is unavailing because, as the Court has explained, M.R.H. has the sole remaining claim to the funds at issue.  *See* Mot. at 3 (stating that Mr. Watson, J.R.H., and M.R.H. "share a united position that the insurance proceeds were always intended to be split equally between them").   In the absence of competing claims, courts routinely authorize the disbursement of interpleader funds to the sole remaining claimant.  *See, e.g.*, *Sun Life Assur. Co.*, 431 F. Supp. 2d at 226; *Nationwide Mut. Fire Ins. Co.*, 736 F.2d at 133 n.4.  Under these circumstances, in which there is no genuine dispute among interested parties about "the respective rights of the claimants" in the property at issue, the Court need not inquire further into the status of the instrument or instruments on which the sole remaining claim relies.  *See Metro. Life Ins. Co.*,

555 F. Supp. 2d at 97.  As to the 20% of the proceeds of Policy A that are at issue here, M.R.H. is the sole claimant, and there is no impediment to disbursement.

*Second*, Ms. Izumi argues that the pending motion improperly seeks reconsideration of the Court's prior order granting in part and denying in part a motion for partial summary judgment. *Id.* at 6–7.  However, Mr. Watson, J.R.H., and M.R.H. are not seeking reconsideration of the Court's prior ruling.  Instead, they are seeking new relief based on a subsequent stipulated resolution of competing claims among the three of them.  Notably, at the time of the Court's prior ruling, J.R.H. and M.R.H. were jointly represented by the same guardian *ad litem* and had not had the benefit of separate counsel to help them evaluate and consider any potential conflict between their interests in this case.  *See* Order, Dkt. No. 83.  Now, these minors each have separate counsel.  *See* Order, Dkt. No. 94.  With the benefit of independent advice, J.R.H. and Mr. Watson have jointly agreed to relinquish their claims to the 20% share of the proceeds of Policy on which the Court previously deferred ruling, leaving M.R.H. as the only claimant to those funds.  *See* Mot., Dkt. No. 118.  Based on these significant developments, the movants appropriately seek new interlocutory relief—not reconsideration of a prior ruling.  Accordingly, the standards applicable to motions for reconsideration are not relevant and present no barrier to granting the requested relief.

*Third*, Ms. Izumi argues that the request for disbursement is inconsistent with the movants' position that they "continue to dispute the validity of the May 2018 and October 2020 beneficiary designations as to the inclusion of Ms. Izumi as a beneficiary."  Opp'n at 10 (quoting Mot. at 3).  The Court disagrees.  The movants' position is that the May 2018 and October 2020 designations are invalid "*as to the inclusion of Ms. Izumi as a beneficiary*," not that those instruments are invalid in their entirety.  *See* Mot. at 3; *see also* Movants' Answer and

Crossclaim, Dkt. No. 30, ¶ 45 (alleging that in May 2018, Mr. Hall "intended to add M.R.H. as a beneficiary to Policy A" but "did not intend to add Ms. Izumi as a beneficiary"). This position is consistent with the movants' argument that each of them—including M.R.H.—is entitled to at least 20% of the proceeds of Policy A.

*Fourth*, Ms. Izumi objects to the pending motion on the grounds that it amounts to an improper "transfer" from Mr. Watson and J.R.H. of funds whose ownership is in dispute. Opp'n at 10–11. But there is no "transfer" contemplated under the pending motion. The Court previously found that Mr. Watson, J.R.H., and M.R.H. each had viable claims to some or all of the residual 20% share of the proceeds of Policy A. Mr. Watson and J.R.H. have now relinquished each of their claims to these funds. Contrary to Ms. Izumi's argument, Mr. Watson and J.R.H. are not seeking to "transfer" property to M.R.H.; instead, they are simply foregoing their opportunity to contest M.R.H.'s claim.

*Fifth*, Ms. Izumi suggests that the positions the movants have taken in their joint motion to disburse funds may be contrary to the fiduciary obligations of the guardians *ad litem*, who are duty-bound to defend the best interests of the children under their guardianship. Opp'n at 11. However, Ms. Izumi has not proffered any factual basis for concluding that the guardians *ad litem* have fallen short of their obligations. In the absence of evidence to the contrary, the Court has no reason to doubt that the guardians *ad litem* have consulted with the children and fully informed them of the consequences of the stipulations in the pending motions. The Court will not withhold relief on this basis.

In sum, M.R.H. is entitled to distribution of a 20% share of the proceeds of Policy A because she is the sole remaining claimant to those funds. The Court is unpersuaded by Ms.

Izumi's arguments to the contrary. Accordingly, the Court shall **GRANT** the [118] Joint Motion by Mr. Watson, J.R.H., and M.R.H. and order disbursement of these funds to M.R.H.

### B.    Ms. Izumi is not entitled to a distribution at this time.

The Court rejects Ms. Izumi's argument that if the Court authorizes the disbursement of a 20% share of the proceeds of Policy A to M.R.H., it must also authorize the disbursement of a 40% share to her. *See* Opp'n at 12–13. Ms. Izumi asserts that she holds a "judicially recognized entitlement" to a 40% share of the proceeds of Policy A that stands on equal footing with M.R.H.'s claim to a 20% share, but this assertion lacks merit. *See id.* As Ms. Izumi acknowledges in her brief, the Court has concluded that she is entitled to "at most 40%" of the proceeds of Policy A. *Id.* at 3, 12. The ultimate ownership of that share is disputed because Mr. Watson, J.R.H., and M.R.H. each contend that Mr. Hall never intended to add Ms. Izumi as a beneficiary of Policy A. *See* Mot. at 3; Movants' Answer and Crossclaim, Dkt. No. 30, ¶ 45. By contrast, no other party claims any interest in the 20% share that the Court is disbursing to M.R.H. Accordingly, Ms. Izumi's claim to a 40% share of the proceeds of Policy A is differently situated than M.R.H.'s claim to a 20% share of those proceeds, and the Court declines to order a distribution to Ms. Izumi simply because it is authorizing a distribution to M.R.H.

### C.    Ms. Izumi's request for sanctions is denied.

Finally, the Court shall **DENY** Ms. Izumi's request for an award of attorneys' fees and costs incurred in connection with the pending motion. *See* Opp'n at 13. Ms. Izumi seeks this award under 28 U.S.C. § 1927, which empowers courts to sanction attorneys by making them personally liable for "the excess costs, expenses, and attorneys' fees reasonably incurred because of" conduct that "multiplies the proceedings in any case unreasonably and vexatiously." The decision to award fees and costs under this provision is committed to the Court's discretion. *Newborn v. Yahoo! Inc.*, 437 F. Supp. 2d 1, 9–10 (D.D.C. 2006) (RBW). Here, the Court

10

perceives nothing unreasonable or vexatious about the movants' conduct. The movants reached an agreement among themselves that narrows the issues in dispute. They then filed a straightforward motion for disbursement, which the Court has granted. On this record, there is no basis for an award of attorneys' fees and costs against the movants.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the [118] Joint Motion to Disburse Interpleaded Funds filed by Mr. Watson, J.R.H., and M.R.H. is **GRANTED**. The movants' [119] Motion for Leave to File Under Seal a version of this motion that includes M.R.H.'s full name is also **GRANTED**. The Court shall enter a separate, sealed order authorizing the disbursement of a 20% share of the proceeds of Policy A to M.R.H.

Ms. Izumi's request for attorneys' fees and costs is **DENIED**.

**SO ORDERED.**

**Dated:** April 29, 2026

COLLEEN KOLLAR-KOTELLY
United States District Judge

11